# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM CONTRACTORS ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFERSON B. SESSIONS, III, Attorney General of the United States, *et al*.,<br><br>Defendants. | CIVIL CASE NO. 16-00075<br><br>**ORDER RE: DEFENDANTS' RULE 7(B) MOTION TO HOLD IN ABEYANCE PLAINTIFFS' MOTION TO CERTIFY A CLASS** |

Before the court is Defendants' Rule 7(B) Motion to Hold in Abeyance Plaintiffs' Motion to Certify a Class. *See* ECF No. 10. For the reasons stated herein, said motion is hereby **GRANTED**. Plaintiffs' Motion for Class Certification (ECF No. 7) is hereby held in abeyance until the resolution of all dispositive motions before this court.

Federal Rule of Civil Procedure 23(c)(1)(A) provides that the court must determine whether to certify a class at "an early practicable time after a person sues or is sued as a class representative[.]" FED. R. CIV. P. 23(c)(1)(A). Here, the court examines "practicability" within Rule 23(c) in determining whether or not to proceed with class certification at this point in the litigation. The 2003 Amendments explain that the language in subsection (c)(1)(A) was changed from "as soon as practicable" to the current language of "at an early practicable time" because the

previous phrase "neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision." FED. R. CIV. P. 23(c)(1)(A) advisory committee notes (2003 Amendments). The advisory committee notes offer examples of "valid reasons" and "other considerations" for deferring class certification decision, to include "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id.*

In this case, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 30. The court has the discretion to rule on a dispositive motion before it decides the certification issue, provided that it is "practicable to do so and . . . the parties will not suffer significant prejudice[.]" *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984).

Plaintiffs argue that a delayed decision on class certification would significantly prejudice them. *See* Pl. Opp'n. at 6, ECF No. 15. Specifically, Plaintiffs argue that their claims are "similar to the claims of the prisoners necessitating an immediate ruling on class certification in *Wade* [*v. Kirkland*]" in that their claims are "inherently transitory" and may be rendered moot should the court grant their requested injunction, meanwhile ". . . every day, new members will be added to the proposed class because Defendants continue to deny H-2B applications at unprecedented rates." *Id.* at 7. This case is unlike *Wade*.

In *Wade*, the Ninth Circuit found a district court in error for postponing a ruling on class certification under circumstances involving "inherently transitory" claims. 118 F.3d 667, 670 (9th Cir. 1997). In that case, the plaintiff brought a class action, "challenging the working conditions of 'chain gang' labor at the county jail where he was then housed[.]" *Id.* at 669. The district court, without discussion, denied the motion for certification, "without prejudice to renewal, as premature should the case survive the motion to dismiss or in the alternative motion for summary

Page **2** of **3**

Case 1:16-cv-00075   Document 59   Filed 07/25/17   Page 2 of 3

judgment[.]" *Id.* Thereafter, the district court granted summary judgment for the defendants because the plaintiff was transferred, which rendered his claims moot. *Id. See also U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 399 (1980) (recognizing that some claims are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.").

In the present case, as Defendants correctly pointed out, "[i]t is difficult to see how Plaintiffs would be prejudiced if they obtain all of the relief that they seek" in the event the court grants their Motion for Preliminary Injunction in its entirety. *See* Def. Reply at 6, ECF No. 17. Moreover, the court agrees with Defendants that other putative class members would not be prejudiced because they are not barred from filing their own suit. *Id.* Thus, the court finds that Plaintiffs will not suffer prejudice if the motion for class certification is held in abeyance.

Since a decision on the merits may render all class certification issues moot, the court further finds that it is in the interests of justice and judicial economy to stay the class certification issue until Defendants' motion to dismiss and any other dispositive motions are resolved. Defendants' Rule 7(B) Motion to Hold in Abeyance Plaintiffs' Motion to Certify a Class is hereby **GRANTED**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Jul 25, 2017**