# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM CONTRACTORS ASSOCIATION, *et al.*, <br><br> Plaintiffs-Petitioners, <br><br> vs. <br><br> JEFFERSON B. SESSIONS, III, <br> Attorney General of the United States, *et al.*, <br><br> Defendants-Respondents. | CIVIL CASE NO. 16-00075 <br><br><br> **ORDER RE: MOTIONS FOR CLARIFICATION** |

The parties have filed opposing motions for clarification of the court's January 24, 2018 order, which preliminarily enjoined Defendants from engaging in a specific course of conduct in adjudicating Plaintiffs' visa petitions. See ECF Nos. 82, 83. Defendants have asked for a new order instructing that Plaintiffs' prior labor certifications, issued for prior periods of need, cannot be used for any newly-filed petitions and that any new petitions are to be accompanied by corresponding new certifications. Plaintiffs, by contrast, appear to ask for an order specifying that they may: (1) proceed as Defendants request for any petitions not yet submitted; and, for any previously submitted petitions, either (2) submit prior certifications, deemed reopened and approved by court order for a period corresponding to the period originally certified, or (3) seek new certifications from the Guam Department of Labor (GDOL) for periods corresponding to

1

those originally certified.

Several considerations guide the disposition of these competing requests. Whether Defendants actually seek "clarification" by way of their motion is unclear. They request an order at odds with the language of the court's prior order, which directs in no uncertain terms "that the Plaintiffs' prior labor certifications shall remain valid through the end of the next period in which each individual Plaintiff may petition for and receive a temporary visa." See ECF No. 81 at 33. That was relief both sought in the initial motion for preliminary injunction (see ECF No. 8) and discussed at some length at the hearing.

In seeking their proposed revision, Defendants suggest they are motivated by a congressional purpose that has made its way into regulatory language—a purpose which, Defendants appear to contend, requires a new labor determination and corresponding certification each year and thus cannot support the use of prior-year certifications with any petitions Plaintiffs may present here. Whether the regulatory language actually compels that conclusion based on the authority Defendants submit is debatable, because: the cited regulatory provisions are silent, and Defendants have added no additional guidance, as to what might happen to a certification made for a period of need lasting longer than a year; various related regulatory provisions suggest a petition may amend dates of need or employment even while relying on a previously approved certification; and other provisions adding a requirement that amendments be limited to the same fiscal year as the original petition are conspicuously absent from the provisions on which Defendants appear to rely. See, e.g., 8 C.F.R. § 214.2(h)(1)(ii)(D), (6)(v)(B), (viii)(B); cf. id. § 214.2(h)(6)(iv)(D).

But Plaintiffs, to their credit and perhaps their detriment, appear to concede that labor certification has not been and should not be the stumbling block here. At the December 11, 2017 hearing, for example, Plaintiffs' counsel suggested that if Defendants have legitimate

2

"concern[s] that the test of the labor market is not the same now, we are willing to do that, we are willing to test the labor market—that is really not at issue in this litigation, whether there's a shortage of workers or whether there's an adverse effect on wages—we're willing to go through that." 12/11/2017 Hrg. Audio at 4:31:00-12 p.m. And in their own motion for clarification, they add that "Plaintiffs (and proposed class) can always initiate the process of re-obtaining a new valid labor certification and submit this to the USCIS upon reopening of the H2B applications." ECF No. 83 at 2. In the interest of quickly finding common ground and a way forward in this dispute the court, for purposes of these opposing motions, will take Plaintiffs at their word. The court therefore **GRANTS IN PART** and **DENIES IN PART** both motions (ECF Nos. 82, 83).

The court **ORDERS** that:

(1) For any earlier submitted petition for which Plaintiffs seek reconsideration, Plaintiffs shall seek updated temporary labor certification from GDOL and, if granted, shall submit the certification to USCIS to be considered in conjunction with the corresponding petition. New labor certifications may be issued for the same period of time originally requested or whatever other period GDOL may deem appropriate.

(2) For any new petition Plaintiffs may submit to USCIS for adjudication for any prospective period of need, Plaintiffs must submit along with the petition a new temporary labor certification from GDOL corresponding to the period of need.

**SO ORDERED**.

/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Feb 08, 2018**