CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
AARON S. GOLDSMITH
Senior Litigation Counsel
GLENN M. GIRDHARRY
Assistant Director
        United States Department of Justice
        Civil Division
        Office of Immigration Litigation
        District Court Section
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 532-4807
        Facsimile: (202) 305-7000
        Email: glenn.girdharry@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| GUAM CONTRACTORS ASSOCIATION, *et al.*, | Civil No. 16-00075 |
| Plaintiffs, | |
| v. | DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| JEFFERSON B. SESSIONS, III, Attorney General of the United States, *et al.*, | |
| Defendants. | Hon. Frances M. Tydingco-Gatewood |

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................1

FACTUAL AND STATUTORY BACKGROUND ..............................................1

RELEVANT PROCEDURAL HISTORY............................................................1

STANDARD OF REVIEW ...................................................................................3

ARGUMENT .........................................................................................................3

I.      Plaintiffs present no justiciable claims for relief.....................................4

II.     Plaintiffs' proposed class is not ascertainable ........................................8

III.    Plaintiffs cannot satisfy the "commonality" and "typicality"
        requirements for class certification.......................................................11

IV.     Plaintiffs are not adequate representatives of the proposed class............15

V.      The Court can defer ruling on Plaintiffs' class certification motion
        until after a decision on the merits of Plaintiffs' claims
        on summary judgment..............................................................................17

CONCLUSION ...................................................................................................18

CERTIFICATE OF SERVICE ..........................................................................19

# TABLE OF AUTHORITIES

## CASE LAW

*B.C. v. Plumas Unified Sch. Dist.*,
192 F.3d 1260 (9th Cir. 1999) ................................................................. 4

*Bova v. City of Medford*,
564 F.3d 1093 (9th Cir. 2009) ................................................................. 7

*Califano v. Yamasaki*,
442 U.S. 682 (1979) .......................................................................... 3, 12

*Chiang v. Veneman*,
385 F.3d 256 (3d Cir. 2004) .............................................................. 10, 11

*City of L.A. v. Lyons*,
461 U.S. 95 (1983) ............................................................................... 5

*Nat'l Advert. Co. v. City of Miami*,
402 F.3d 1335 (11th Cir. 2005) ..................................................... 6, 7, 10

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426 (2013) ...................................................................... 1, 12

*Ctr. for Individual Freedom v. Carmouche*,
449 F.3d 655 (5th Cir. 2006) ............................................................... 5, 8

*Curtin v. United Airlines, Inc.*,
275 F.3d 88 (D.C. Cir. 2001) ................................................................. 17

*Dacanay v. Gov't of Guam*,
No. 05-00017, 2006 WL 2244579 (D. Guam Aug. 4, 2006) ..................... 17

*Denney v. Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006) .................................................................. 15

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) .............................................................. 3, 15

*Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland Sec.*,
769 F.3d 1127 (D.C. Cir. 2014) .............................................................. 16

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs, Inc.*,
528 U.S. 167 (2000) .............................................................................. 5

*Gen. Tel. Co. v. Falcon*,
    457 U.S. 147 (1982) ................................................................................ 3, 11, 13, 15

*Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*,
    922 F.2d 756 (11th Cir. 1991) ................................................................................ 6

*Hanlon v. Chrysler Corp*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................................ 11, 15

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................................ 13

*Hawkins v. Comparet–Cassani*,
    251 F.3d 1230 (9th Cir. 2001) ................................................................................ 4

*Hodgers-Durgin v. De La Vina*,
    199 F.3d 1037 (9th Cir. 1999) ................................................................................ 4, 5

*Hong Kong Entm't (Overseas) Investments Ltd. v. United States Citizenship & Immigration Servs.*,
    No. 1:16-CV-00009, 2017 WL 4369475 (D. N. Mar. I. Oct. 1, 2017) ................................... 6, 9

*IKEA US, Inc. v. Department of Justice*,
    48 F. Supp. 2d 22 (D.D.C. 1999) ................................................................................ 16

*In re Google AdWords Litig.*,
    No. 5:08–CV–3369 EJD, 2012 WL 28068 (N.D. Cal. Jan. 5, 2012) ....................................... 12

*Mazur v. eBay Inc.*,
    257 F.R.D. 563 (N.D. Cal. 2009) ................................................................................ 9, 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................ 5, 6

*Maldonado v. Morales*,
    556 F.3d 1037 (9th Cir. 2009) ................................................................................ 5

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ................................................................................ 9

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003) ................................................................................ 15

*Narouz v. Charter Commc'ns, LLC*,
    591 F.3d 1261 (9th Cir. 2010) ................................................................................ 8, 9

*Nguyen Da Yen v. Kissinger*,
    70 F.R.D. 656 (N.D. Cal. 1976) ................................................................................ 12

*O'Connor v. Boeing N. Am., Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1988) ................................................................................. 9

*Rutledge v. Elec. Hose & Rubber Co.*,
    511 F.2d 668 (9th Cir. 1975) ....................................................................................... 3

*Schlesinger v. Reservists Comm. to Stop the War*,
    418 U.S. 208 (1974) ............................................................................................. 14, 15

*Thomas v. Anchorage Equal Rights Comm'n*,
    220 F.3d 1134 (9th Cir. 2000) ..................................................................................... 4

*Thompson v. County of Medina*,
    29 F.3d 238 (6th Cir. 1994) ....................................................................................... 17

*Tidenberg v. Bidz.com*, LACV 08-5553 PSG-FMOx,
    2010 WL 135580 (C.D. Cal. Jan. 7, 2010) ................................................................. 8

*United States Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980) ............................................................................................... 5, 8

*Updike v. City of Gresham*,
    62 F. Supp. 3d 1205 (D. Or. 2014)
    *aff'd sub nom. Updike v. Multnomah Cty.*, 870 F.3d 939 (9th Cir. 2017) ................. 5

*Wal–Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................................... 3, 11, 12, 13

*Wright v. Schock*,
    742 F.2d 541 (9th Cir. 1984) ..................................................................................... 17

*Yassini v. Crosland*,
    613 F.2d 219 (9th Cir. 1980) ....................................................................................... 4

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ..................................................................................... 3

## ADMINISTRATIVE DECISIONS

*Matter of Artee Corp.*,
    18 I. & N. Dec. 366 ................................................................................................... 11

**FEDERAL STATUTES**

8 U.S.C. § 1101(a)(15)(H)(ii)(b) .................................................................. 11


**FEDERAL REGULATIONS**

8 C.F.R. § 214.2(h)(6)(ii) .................................................................. 11, 16

8 C.F.R. § 214.2(h)(6)(iii) .................................................................. 16

8 C.F.R. § 214.2(h)(6)(v) .................................................................. 16

8 C.F.R. § 214.2(h)(6)(vi) .................................................................. 16

8 C.F.R. § 214.2(h)(6)(vi)(C) .................................................................. 16

8 C.F.R. § 214.2(h)(6)(vi)(D) .................................................................. 16


**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1) .................................................................. 1

Fed. R. Civ. P. 12(b)(6) .................................................................. 1

Fed. R. Civ. P. 23 .................................................................. 3

Fed. R. Civ. P. 23(a) .................................................................. 3, 8, 11, 14

Fed. R. Civ. P. 23(a)(2) .................................................................. 1, 4, 12

Fed. R. Civ. P. 23(a)(3) .................................................................. 1, 4

Fed. R. Civ. P. 23(a)(4) .................................................................. 1, 14, 15

Fed. R. Civ. P. 23(b) .................................................................. 3, 15

**MISCELLANEOUS**

USCIS Policy Memorandum, *Implementing the National Defense Authorization Act for Fiscal Year 2018 (NDAA) and the Exemption to the Temporary Need Requirement for H-2B Workers on Guam*, PM-602-0156 (Feb. 15, 2018)
https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2018/2018-02-15-PM-602-0156-H-2B-Policy-Memorandum-to-Interpret-Guam-NDAA.pdf
(last visited Mar. 9, 2018 ................................................................................................ 12

Daily Post Staff, *Court: H-2B Employers Must Go Through New Labor Process*
    https://www.postguam.com/news/local/court-h--b-employers-must-go-through-new-labor/article_12e9de50-0cc5-11e8-b1b7-3b93aef46687.html
(last visited on Mar. 9, 2018) ...................................................................................... 10

Kevin Kerrigan, *Contractors Association: H-2B Decision 'a Partial Victory'*
    https://www.postguam.com/ news/local/contractors-association-h--b-decision-a-partial-victory/article_824f1db6-016f-11e8-b2e1-c322d20621c0.html
(last visited on Mar. 9, 2018) ...................................................................................... 10

# INTRODUCTION

The Court should deny Plaintiffs' motion for class certification because at the threshold, the named Plaintiffs lack Article III standing to proceed. A decision by the Court in favor of Plaintiffs cannot provide them with any relief on the H-2B petitions being challenged in this lawsuit because all of the periods of need requested in the petitions have expired. Further, any claim of injury by Plaintiffs on future-filed H-2B petitions is unripe, as United States Citizenship and Immigration Services ("USCIS") has yet to make a determination on "temporary need" and issue final agency actions in those instances. In addition to these fatal jurisdictional defects, the Court can deny Plaintiffs' class certification motion because the proposed class definition is not ascertainable. Moreover, Plaintiffs fail to meet the requirements of commonality under Rule 23(a)(2), typicality under Rule 23(a)(3), and fail to establish that the named plaintiffs are adequate class representatives as required under 23(a)(4). On these bases, the Court should deny Plaintiffs' class certification motion.

# FACTUAL AND STATUTORY BACKGROUND

The Government incorporates by reference the factual, statutory and regulatory background set forth by the Magistrate Judge's Report and Recommendation issued on August 11, 2017, *see* ECF No. 61 at 2-5, which was incorporated by reference in the Court's Order on January 24, 2018. *See* ECF No. 81 at 2.

# RELEVANT PROCEDURAL HISTORY

On October 4, 2016, Plaintiffs filed their original complaint. ECF No. 1. Eleven days later, on October 13, 2016, Plaintiffs moved for class certification and a preliminary injunction. ECF Nos. 7 and 8. On October 27, 2016, the Government moved to stay briefing on Plaintiffs' class certification motion.

On December 14, 2016, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 23. The FAC is the operative complaint. On January 7, 2017, the Government moved to dismiss Plaintiffs' FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 30 and 31.

On January 17, 2017, the Magistrate Judge held argument on Plaintiffs' preliminary injunction motion. ECF No. 38.

On March 28, 2017, Plaintiffs filed a "Motion for Discovery." ECF No. 48.

On July 25, 2017, the Court granted the Government's request to stay briefing on Plaintiffs' class certification motion, indicating that because "a decision on the merits may render all class certification issues moot, the court further finds that it is in the interests of justice and judicial economy to stay the class certification issue until Defendants' motion to dismiss and any other dispositive motions are resolved." ECF No. 59 at 3.

On August 11, 2017, the Magistrate Judge issued a Report and Recommendation denying Plaintiffs' preliminary injunction motion. ECF No. 61.

On August 24, 2017, the Magistrate Judge issued a minute order denying Plaintiffs' "Motion for Discovery Beyond the Administrative Record." ECF No. 65.

On August 25, 2017, Plaintiffs filed their objections to the Magistrate Judge's Report and Recommendation. ECF No. 66. On September 8, 2017, the Government filed its brief in opposition to Plaintiffs' objections. ECF No. 67.

On October 25, 2017, the Court ordered the parties to provide additional briefing in response to the Court's questions. ECF No. 68. On November 29, 2017, the parties filed their additional briefing. ECF Nos. 73, 74.

On December 11, 2017, the Court held argument on the Government's motion to dismiss and the objections and opposition to the Report and Recommendation. ECF No. 77.

On January 24, 2018, the Court issued an order granting in part and denying in part the Government's motion to dismiss, adopting in part and modifying in part the Report and Recommendation, and granting in part Plaintiffs' preliminary injunction motion. ECF No. 81.

On March 5, 2018, the Court ordered the parties to "resume and complete briefing of the class certification question." ECF No. 88.

## STANDARD OF REVIEW

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432

(2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  To fall within the exception, Plaintiffs "must affirmatively demonstrate [their] compliance" with Federal Rule of Civil Procedure 23.  *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Federal Rule of Civil Procedure 23(a) sets out four requirements for class certification: (1) The class is so numerous that joinder is impractical ("numerosity"); (2) There are questions of law or fact common to the class ("commonality"); (3) The claims or defenses of the Named Plaintiffs are typical of claims or defenses of the class ("typicality"); and (4) The Named Plaintiffs will fairly and adequately protect the interests of the class ("adequacy of representation").  Fed. R. Civ. P. 23(a).  The Supreme Court has held that "[i]t is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation" that makes a case appropriate as a class action.  *Dukes*, 564 U.S. at 350 (emphasis in original).

In addition to the requirements of Rule 23(a), a proposed class must also qualify under Rule 23(b).  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  The party seeking class certification bears the burden of demonstrating they have satisfied all four Rule 23(a) requirements and the Rule 23(b) requirement.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979880 (9th Cir. 2011).  The failure to meet "any one of Rule 23's requirements destroys the alleged class action."  *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975).  The Supreme Court has held that "actual, not presumed, conformance with Rule 23(a) [is] indispensable."  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982).  Consequently, the Court must conduct a rigorous analysis to determine whether the requirements of Rule 23 have been met; if the court is not fully satisfied, the class cannot be certified.  *Falcon*, 457 U.S. at 161.  Even if all of the requirements of Rule 23 are met, the district court retains "broad discretion" to determine whether a class should be certified.  *Zinser*, 253 F.3d at 1186.

### ARGUMENT

The Court should deny Plaintiffs' class certification motion for the following reasons: *first*, the named Plaintiffs present no justiciable claims for relief; *second*, the proposed class is not ascertainable; *third*, Plaintiffs fail to meet the requirements of commonality under Rule

23(a)(2) and typicality under Rule 23(a)(3); and *fourth*, the named plaintiffs are inadequate representatives of the proposed class.

## I.     Plaintiffs present no justiciable claims for relief.

The Court should deny class certification at the threshold because the named Plaintiffs lack Article III standing and assert unripe claims.  *See Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (finding that no case or controversy exists if a plaintiff lacks standing or if a case is not ripe for adjudication).  A decision from this Court favorable to Plaintiffs cannot provide them with any relief for any of the denied H-2B petitions being challenged in this lawsuit.  This is because the periods of need for H-2B foreign workers requested in all of the petitions have expired.  Regarding any future-filed H-2B petitions, Plaintiffs' claims are at best unripe for judicial review, as they have not pointed to any currently pending petitions that they believe are at issue.  For the non-military contractor plaintiffs, Plaintiffs have not identified any final agency actions on petitions requesting future periods of need, making any claims of injury related to those future petitions speculative and hypothetical.  For the military contractor plaintiffs, Congress has provided a legislative "fix" specifically exempting those companies through fiscal year 2023 from having to establish "temporary need" under H-2B program rules.  Since the basis of such plaintiffs' claims is that DHS erred in determining that they lack the requisite temporary need, their claims have been rendered moot by recent legislation.  Class certification, therefore, is impermissible under these circumstances.

"A named plaintiff cannot represent a class alleging [ ] claims that the named plaintiff does not have standing to raise."  *Hawkins v. Comparet–Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (citation omitted); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("A class of plaintiffs does not have standing to sue if the named plaintiff does not have standing.").  Nor is class certification proper if the common question presented is not ripe for judicial consideration.  *Yassini v. Crosland*, 613 F.2d 219, 220 (9th Cir. 1980).  In other words, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."  *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045

(9th Cir. 1999). These principles, applied here, strongly militate against certifying the proposed class.

Standing is a core component of the Article III cases or controversies requirement. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *City of L.A. v. Lyons,* 461 U.S. 95, 101 (1983) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."). Standing is the "personal interest that must exist at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs, Inc.,* 528 U.S. 167, 189 (2000). Moreover, the requisite personal interest that must exist at the commencement of a case must continue throughout its existence. *Id.* The personal interest that constitutes standing consists of three elements: (1) an injury in fact, *i.e.,* an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Updike v. City of Gresham*, 62 F. Supp. 3d 1205, 1213 (D. Or. 2014), *aff'd sub nom. Updike v. Multnomah Cty.*, 870 F.3d 939 (9th Cir. 2017) (citing *Friends of the Earth, Inc.*, 528 U.S. at 181-82). The injury-in-fact analysis requires that Plaintiffs additionally show a credible threat of future injury that is sufficiently concrete and particularized to meet the case-or-controversy requirement of Article III and an imminent threat of irreparable harm. *Hodgers-Durgin*, 199 F.3d at 1041-42 (citing *Lyons*, 461 U.S. at 101-04). Here, Plaintiffs cannot make this requisite showing.

The named plaintiffs filed this lawsuit challenging USCIS's denial of their H-2B petitions. *See* ECF No. 1 at ¶¶ 31-58.; ECF No. 7 at 1. Since the commencement of their lawsuit, however, circumstances have occurred that have "eliminate[d] [the] actual controversy," rendering moot Plaintiffs' request for relief. *See Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006); *see also United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980) ("Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'"). Specifically, the periods of need for foreign workers requested in

the denied H-2B petitions at issue in this case have all expired, rendering moot their claims for relief.[1] *See Hong Kong Entm't (Overseas) Investments Ltd. v. United States Citizenship & Immigration Servs.*, No. 1:16-CV-00009, 2017 WL 4369475, at *3 (D. N. Mar. I. Oct. 1, 2017) (indicating that the company's claim of harm was moot when "the time period to which the petitions applied expired long ago."). Plaintiffs, therefore, can no longer seek meaningful redress for harms alleged in their First Amended Complaint, ECF No. 1, based on USCIS's denial of the H-2B petitions they presented as the sole basis for commencing this lawsuit. *See Maldonado v. Morales,* 556 F.3d 1037, 1043 (9th Cir. 2009) ("When evaluating redressability, the key question is whether the harm alleged by the plaintiff is *likely* to be alleviated by a ruling in its favor.") (emphasis in original). A lack of redressability of purported injuries suffered from the denied H-2B petitions which all have expired periods of need for H-2B foreign workers defeats Plaintiffs' Article III standing to proceed. *See Lujan,* 504 U.S. at 561 (indicating that redressability requires a showing that it is likely, as opposed to merely speculative, that a plaintiff's injury will be redressed by a favorable decision).

Regarding any claims of harm related to future-filed H-2B petitions, Plaintiffs fare no better. For the non-military contractor named plaintiffs, any claims of purported harm related to H-2B petitions requesting foreign workers for future periods of need are unripe for judicial review. When a plaintiff is challenging a governmental act, the issues are ripe for judicial review if "a plaintiff . . . show[s] he has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005) (citing *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir. 1991)). Here, Plaintiffs cannot make this showing.

Plaintiffs have not identified any newly filed H-2B petitions seeking foreign workers for future periods of need, but even if they have made such filings: 1) those petitions are not before the Court; and 2) Plaintiffs have not demonstrated that USCIS has issued final agency actions

---

[1] Plaintiffs indicate that they "bring this action to compel Defendants to reopen and approve the I-129 H2B [sic] petitions that have been previously denied." ECF No. 7 at 1. Since the requested periods of need in those petitions have expired, reopening and approving the petitions would not provide Plaintiffs with any meaningful relief.

denying those H-2B petitions requesting future periods of need for failure to demonstrate "temporary need." Plaintiffs, therefore, cannot plausibly argue that on this basis, they "[have] sustained, or [are] in immediate danger of sustaining, a direct injury" resulting from USCIS's actions on future-filed H-2B petitions. *See Nat'l Advert. Co.*, 402 F.3d at 1339. Instead, any claims by Plaintiffs of purported harm on future-filed H-2B petitions would "rest[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009). Thus, any claims of purported harm related to H-2B petitions requesting foreign workers for future periods of need by non-military contractor named plaintiffs are unripe for judicial review.

Any claims of purported harm resulting from the potential denial of future H-2B petitions filed by military contractor named plaintiffs suffer from the same, along with additional justiciability defects. Plaintiffs filed this lawsuit with a pointed focus on contractor companies who claim the need for foreign workers to perform prime and sub-contracts for the U.S. military construction and related projects. *See* ECF No. 7 at 5 (indicating that USCIS's denial of Plaintiffs' H-2B petitions "impact[s] the U.S. military power in the Asia/Pacific region and delay[s] the necessary military build-up and correlated infrastructure construction on the island of Guam."). But in addition to any claims of future harm being unripe, *see Nat'l Advert. Co.*, 402 F.3d at 1339, these claims of purported injury resulting from USCIS's determination of "temporary need" are also moot. This is because Congress has enacted legislation that explicitly provides military contractor petitioning employers with the relief for which they complain. Through fiscal year 2023, military contractor employer-petitioners seeking H-2B foreign workers are specifically exempt from having to demonstrate "temporary need" under H-2B program rules. *See* National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat. 1283 (Dec. 12, 2017) (the "NDAA FY18"). Section 1049 of the NDAA FY18, titled "Workforce Issues for Military Realignments in the Pacific," addresses U.S. employer-contractor and subcontractor companies' use of H-2B temporary workers for "construction, repairs, renovations, or facility services that is directly connected to, or associated with, the military realignment occurring on Guam[.]"

Congress enacted this provision specifically for the purpose of exempting qualifying U.S. petitioner-employers involved with contracts associated with the military realignment from demonstrating the "temporary need" requirement under H-2B program rules. Starting April 11, 2018 (120 days after enactment), petitioners in Guam seeking H-2B workers may, before October 1, 2023, request the admission of such workers:

> "for a period of up to 3 years to perform service or labor on Guam or the Commonwealth pursuant to any agreement entered into by a prime contractor or subcontractor calling for services or labor required for performance of a contact or subcontract for construction, repairs, renovations, or facility services that is directly connected to, or associated with, the military realignment occurring on Guam and the Commonwealth, *notwithstanding the requirement of such section that the service or labor be temporary*."

NDAA FY18, Sec. 1049(b)(1)(B)(emphasis added). This intervening legislation has "eliminate[d] [the] actual controversy" as it relates to the military contractor plaintiffs, *see Ctr. for Individual Freedom,* 449 F.3d at 661, and with it now in place through fiscal year 2023, renders moot the military contractor named plaintiffs' request for relief. *Id.*; *see also United States Parole Comm'n,* 445 U.S. at 397 (indicating that "[m]ootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'").

On these bases, the Court should deny class certification at the threshold because the named Plaintiffs lack Article III standing and assert unripe claims.

## II. Plaintiffs' proposed class is not ascertainable.

The Court should also deny Plaintiffs' class certification motion because their proposed class is not ascertainable. It is well settled that in addition to meeting the explicit requirements of Rule 23, a party seeking class certification must meet certain implicit, "threshold" requirements, namely, those of establishing that an identifiable class exists and that the representative plaintiffs are members of the proposed class. *Tidenberg v. Bidz.com*, LACV 08-5553 PSG-FMOx, 2010 WL 135580, at *2 (C.D. Cal. Jan. 7, 2010) (citations omitted). "[T]he requirements of Rule 23(a) and (b) [] are designed to protect absentees by blocking unwarranted or overbroad class definitions," *Narouz v. Charter Commc'ns, LLC,* 591 F.3d 1261, 1266 (9th

Cir. 2010), which means that a viable class definition must be "'precise, objective, and presently ascertainable.'" *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1988) (quoting Manual for Complex Litigation, Third § 30.14, at 217 (1995)). Moreover, a class should be narrowly tailored to include *only aggrieved parties*. *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) (emphasis added). Here, Plaintiffs' proposed class satisfies none of these requirements and therefore, the proposed definition is defective.

Plaintiffs are requesting the Court certify a district-wide class defined as:

"Petitioners who have filed or will file an I-129 application for H2B workers for Guam under one of the following two categories:

    1.      Peakload need (The 'Peakload Subclass') or
    2.      One-Time Occurrence (The 'One-Time Occurrence Subclass')

And who have received or will receive a denial of such I-129 application based on a finding that the Petitioner is unable to demonstrate 'temporary need.'"

ECF No. 7 at 6; ECF No. 23 at 30. On its face, this proposed definition is not ascertainable because it is overbroad includes non-aggrieved parties. The named plaintiffs in this lawsuit consist of two groups: 1) military construction contractor H-2B petitioner employers; and 2) non-military contractor H-2B petitioner-employers. The named plaintiffs intend for their proposed class to encompass H-2B petitioning-employers in every unskilled labor sector in Guam that utilizes H-2B foreign workers, *see* ECF No. 23 at 1, with a pointed focus on military contractor companies who claim the need for foreign workers to perform prime and sub-contracts for the U.S. military construction and related projects. *See* ECF No. 7 at 5.

But as articulated above, neither group of named plaintiffs has justiciable claims for relief. The Ninth Circuit has made clear that "no class may be certified that contains members lacking Article III standing." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). Applying this rule to the instant case, because the named plaintiffs lack Article III standing, their proposed class definition necessarily fails. As indicated above, Plaintiffs' purported injuries resulting from their denied H-2B petitions are not redressable by the Court because the periods of need for H-2B foreign workers requested in the petitions have all expired. *See Hong Kong Entm't (Overseas) Investments Ltd.*, 2017 WL 4369475, at *3. Plaintiffs have

conceded as much. *See* https://www.postguam.com/ news/local/contractors-association-h--b-decision-a-partial-victory/article_824f1db6-016f-11e8-b2e1-c322d20621c0.html (last visited on Mar. 9, 2018) (indicating that "the visas that were applied for and denied are stale now," that "the projects listed on the old applications have either been canceled, or completed by other workers," and "the foreign workers whose visa applications have been denied since December 2015 have, in all likelihood, moved on to other jobs.").[2] For H-2B petitions that "will be filed," claims of purported injury by the non-military contractor plaintiffs are unripe as USCIS has not yet made a determination on "temporary need" for those petitions. *See Nat'l Advert. Co.*, 402 F.3d at 1339. For the military contractor plaintiffs, any claims of purported injury resulting from USCIS's determination of "temporary need" are moot because of recently enacted legislation. *See* NDAA FY18, Sec. 1049(b)(1)(B). For these reasons, the named plaintiffs are not aggrieved parties and cannot be part of the proposed class. This defeats Plaintiffs' proposed class definition. *See eBay Inc.*, 257 F.R.D. at 567.

Plaintiffs' proposed class definition is also defective because it requires the Court to make a determination on the merits of the individual claims in this lawsuit to determine whether a particular petitioner would be a member of the proposed class. *See Chiang v. Veneman*, 385 F.3d 256, 272 (3d Cir. 2004) ("A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class."). Here, Plaintiffs seek certification of a proposed class of petitioner-employers based on claims that USCIS has denied, or will deny, an H-2B petition for failure to demonstrate "temporary need" using the agency's purportedly improper interpretation of "temporary need." However, the legal determination of whether USCIS's interpretation of "temporary need" is the crux of Plaintiffs' claims for relief in this litigation. *See* ECF No. 23 at ¶¶ 5-9; ECF No. 81 at 15-16 (indicating that Plaintiffs' challenge to USCIS's denial of their H-

---

[2] *See also* https://www.postguam.com/news/local/court-h--b-employers-must-go-through-new-labor/article_12e9de50-0cc5-11e8-b1b7-3b93aef46687.html (last visited on Mar. 9, 2018) (indicating the Plaintiffs' statement that the "visas that were applied for and denied are stale now because each H-2B worker application must state the specific construction job the person is being brought to Guam to work on . . . .").

2B petitions based on the agency's interpretation of the statutory and regulatory language – *i.e.*, what constitutes a valid "temporary need" under 8 U.S.C. § 1101(a)(15)(H)(ii)(b) and 8 C.F.R. § 214.2(h)(6)(ii) – is Plaintiffs' "core claim" in this litigation).  Plaintiffs assert that USCIS's interpretation is new and therefore violates the Administrative Procedure Act.  The Government, on the other hand, maintains that it lawfully and correctly denied the named Plaintiffs' H-2B petitions based on USCIS's longstanding interpretation of "temporariness" in the H-2B temporary worker visa program based on *Matter of Artee Corp.*, 18 I. & N. Dec. 366, 367 (Comm. 1982).  Thus, the Court's determination on the merits of Plaintiffs' claims will determine whether a particular petitioner would be a member of the proposed class.  Plaintiffs' proposed class definition is defective, therefore, because any class that requires such a legal determination, by definition, is not certifiable.  *See Veneman*, 385 F.3d at 272.

On these bases, Plaintiffs' proposed class is not ascertainable and the Court should deny Plaintiffs' class certification motion.

### III.    Plaintiffs cannot satisfy the "commonality" and "typicality" requirements for class certification.

Even if Plaintiffs' proposed class was ascertainable, class certification would still be unwarranted because Rule 23(a) requirements are plainly unmet.  Rule 23(a)'s commonality and typicality requirements occasionally merge:  "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Dukes*, 564 U.S. at 349 n.5. Commonality requires plaintiffs to "demonstrate that the class members 'have suffered the same injury,'" not merely violations of "the same provision of law."  *Id.* at 350 (quoting *Falcon*, 457 U.S. at 157).  The proposed class members' claims must therefore *depend* upon a common contention, the determination of which "will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 157.  Although the "existence of shared legal issues with divergent factual predicates is sufficient [to establish commonality]," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), commonality is defeated where there is wide factual

variation requiring individual adjudications of each class member's claims, *see Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 663-64 (N.D. Cal. 1976). Indeed, "[d]issimilarities within the proposed class are what have the potential to impede the generation of common answers." *Dukes*, 546 U.S. at 350 (quotation omitted); *cf. Yamasaki*, 442 U.S. at 701 (class certification may not be appropriate where the factual differences have the likelihood of changing the outcome of the legal issue); *accord In re Google AdWords Litig*., No. 5:08–CV–3369 EJD, 2012 WL 28068 *15-16 (N.D. Cal. Jan. 5, 2012) ("The question of which advertisers among the hundreds of thousands of proposed class members are even entitled to restitution would require individual inquiries."). Accordingly, the Court must "probe behind the pleadings" *prior to* certification to determine whether there is a common legal question capable of a uniform resolution or whether the claims raised require individualized assessment on a case-by-case basis. *Behrend*, 133 S. Ct. at 1432.

Here, the Court should not certify Plaintiffs' proposed class because it does not satisfy the requirement that "questions of law or fact [are] common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs assert that "[a]ll of the individual and associational Plaintiffs and proposed class members have been or will be forced to suffer the devastating consequences of USCIS's denials of their H-2B petitions after previous approvals and with no change in the law or the regulations or the operative facts." Pls.' Mot., ECF No. 7 at 14. But this exaggeration is simply not the case. As articulated above, some of the named plaintiffs in this case, along with other putative class members, may be military contractors seeking H-2B foreign workers for labor projects related to "the necessary military build-up and correlated infrastructure construction on the island of Guam." *Id*. at 7. Such H-2B petitioning employers, however, may be explicitly exempted from demonstrating the "temporary need" requirement under H-2B program rules through fiscal year 2023. *See* NDAA FY18, Sec. 1049(b)(1)(B).[3] Accordingly, a significant

---

[3] *See also* USCIS Policy Memorandum, Implementing the National Defense Authorization Act for Fiscal Year 2018 (NDAA) and the Exemption to the Temporary Need Requirement for H-2B Workers on Guam, PM-602-0156 (Feb. 15, 2018). Found online at: https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2018/2018-02-15-PM-602-0156-H-2B-Policy-Memorandum-to-Interpret-Guam-NDAA.pdf (last visited Mar. 9, 2018).

number of putative class members many not share "questions of law or fact [that are] common to the class," Fed. R. Civ. P. 23(a)(2), and therefore cannot plausibly claim to have "suffered the same injury" as those who are not military contractors covered by the above-described legislation. *Dukes*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157). On this basis, the commonality requirement is not met.

While the commonality analysis looks at the relationship among the class members, the typicality analysis looks at the relationship between the proposed class representative and the rest of the class. Newberg on Class Actions § 3:26 (5th ed.). Typicality is met where "other members have the same or similar injury, . . . based on conduct which is not unique to the Named Plaintiffs, and … other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality requires class members' claims to be typical of those of the class, but "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* The typicality requirement is not met if the proposed class representatives are subject to unique defenses. *Id.*

Further, USCIS considers all petitions on a case-by-case basis. Even if all of the plaintiffs have received the same result, *i.e.*, a denial of their H-2B petition because they did not establish "temporary need," it does not follow that all plaintiffs have suffered the exact same injury, or any injury at all. Because these adjudications are individualized, USCIS's conclusion that the petitioning employer failed to establish "temporary need" may have been reached for different reasons. In some cases, for instance, the petitioning employer may have failed to submit requisite evidence, while in other cases, there may be substantial evidence that the temporary job being offered is actually permanent. Further, the specific industry sector of the employer may be experiencing unique circumstances that make it more or less likely that temporary workers are needed that specific field. Given that each adjudication is based on the unique facts of that case, and the specific evidence presented by that plaintiff, this case lacks the commonality elements required for class certification.

Moreover, under Plaintiffs' broad class definition, *any* petitioner who files for temporary workers on Guam and whose H-2B petition is denied for failure to demonstrate "temporary need" would automatically become part of the putative class, and would obtain the same relief as the rest of the putative class members. This means that, if the class were certified and Plaintiffs' requested relief was obtained, USCIS could theoretically be precluded from denying an H-2B petition filed by a Guam employer for failure to establish temporary need under H-2B program rules. Presumably, a petitioning employer could submit no evidence at all that the need for the foreign worker is temporary, and still be a member of the class and entitled to relief. In short, Plaintiffs' proposed class definition appears to include Guam-based employer petitioners whose H-2B petitions are properly denied for failure to establish "temporary need," rather than being limited to only improper denials based on a determination of "temporary need." Again, this distinct difference is a fatal defect that prevents Plaintiffs from demonstrating that the putative class has suffered an injury that can be resolved with common answers.

The reason why Plaintiffs fail to satisfy the typicality requirement is similar to the reason why they fail to meet the commonality requirement. As military contractor companies, the majority of the named plaintiffs are likely exempt from demonstrating the "temporary need" requirement under H-2B program rules through fiscal year 2023. *See* NDAA FY18, Sec. 1049(b)(1)(B). Putative class members, therefore, do not suffer from "the same or similar injury" as the vast majority of named plaintiffs, and putative class members have not been "injured by the same course of conduct." *See Dataproducts Corp.*, 976 F.2d at 508. While the Government maintains that all of the H-2B petitions at issue here were properly denied, Plaintiffs' claims are also not typical of each other because the proposed class appears to include petitioning employers whose H-2B petitions were properly and improperly denied. A petitioning employer whose case was improperly denied would have unique defenses that would not exist for any petitioning employer whose case was properly denied.

Accordingly, class certification in this case is unwarranted because the commonality and typicality requirements of Rule 23(a) are plainly unmet.

**IV.     Plaintiffs are not adequate representatives of the proposed class.**

The named Plaintiffs are not adequate class representatives pursuant to Rule 23(a)(4).  A named plaintiff must be a member of the class he purports to represent and must "possess the same interest and suffer the same injury" as his fellow class members.  *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974); *Falcon*, 457 U.S. at 156 ("We have repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class member.") (citations and quotations omitted).  That is not the case here.

The adequacy requirement serves to protect the due process rights of absent class members who will be bound by the judgment.  *Hanlon*, 150 F.3d at 1020.  A determination of legal adequacy is based on two inquiries: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class.  *Id.* at 1021; *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006) ("proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members").  This notion is compounded by the nature of a class certified pursuant to Rule 23(b)(2), the members of which do not have a right to opt out of their class.  *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003).

Here, as demonstrated above, the named plaintiffs lack standing to proceed and otherwise assert unripe claims.  The H-2B petitions they are currently challenging have all expired, and for any future-filed petitions, claims of injury based on USCIS's "temporary need" determination are unripe and Congress has enacted legislation specifically exempting the military contractor plaintiffs from demonstrating the "temporary need" requirement under H-2B program rules.  For this simple reason, the named plaintiffs are inadequate representatives of the proposed class, because representatives of a proposed class whose claims are not justiciable are in no position to sustain their own claims and thus cannot prosecute the action vigorously on behalf of the class.  *Costco Wholesale Corp*, 657 F.3d at 986 (concluding that former employees are not adequate representatives of a class of current employees seeking injunctive relief arising out of gender

discrimination claim); *Schulken v. Washington Mut. Bank*, No. 09-cv-02708, 2012 WL 28099, *5 & n.2 (analogizing Rule 23(a)(4) analysis to standing analysis). Said plainly, the non-military contractor putative class members would have a much greater incentive to "prosecute the action vigorously" than the military contractor putative class members who have been provided relief by Congress for future-filed H-2B petitions.

In addition to these glaring jurisdictional defects, the named Plaintiffs cannot plausibly argue that they can adequately represent the interests of *all* Guam-based employers seeking H-2B temporary workers in the "peakload need" and "one time occurrence need" categories. As the named Plaintiffs indicate, they seek to represent a proposed class of H-2B petitioning-employers seeking foreign workers for almost every unskilled labor sector in Guam, *see* ECF No. 23 at 1. Under this implausible theory, however, Plaintiffs are claiming that employers in the construction sector, for instance, can adequately represent the interests of employers in the hospitality industry sector. They are incorrect. By their very nature, each H-2B petition presents its own distinct set of facts, based on the company's needs, the specific industry, and the specific job being offered to a foreign national. *See. e.g., Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland Sec.*, 769 F.3d 1127, 1144 (D.C. Cir. 2014) (indicating that decisions on visa petitions can be fact-intensive, and assessing the evidentiary record behind USCIS's determination on the petition is essential to evaluating the reasonableness of the agency's decision) (citing *IKEA US, Inc. v. Department of Justice,* 48 F. Supp. 2d 22, 25 (D.D.C. 1999)).

Despite Plaintiffs' characterization of the H-2B petitioning process, it is by no means a *pro forma* exercise. Each petitioner-employer has the burden of satisfying the eligibility requirements under the H-2B visa program rules, 8 C.F.R. §§ 214.2(h)(6)(ii), (iii), (v), and (vi), which includes providing USCIS with evidence of the proposed alien's qualifications to hold the job being offered in that specific industry (if necessary), and a statement of need describing *in detail* the temporary situation or conditions which make it necessary for that specific employer in that specific industry to bring a foreign worker to the United States, and whether the specific employer's need is a one-time occurrence, a seasonal need, a peakload need, or an intermittent need. *See* 8 C.F.R. §§ 214.2(h)(6)(vi)(C) and (D). No two H-2B petitions filed by petitioner-

employers in different industry sectors, therefore, will be alike – meaning, for instance, that petitioners seeking H-2B classification for construction workers cannot plausibly argue that they are familiar with the facts and evidence that would be necessary to demonstrate eligibility for approval for petitions seeking H-2B classification for hospitality industry (hotel and resort) workers.  For these reasons, the named Plaintiffs are not adequate representatives of the proposed class.

**V.      The Court can defer ruling on Plaintiffs' class certification motion until after a decision on the merits of Plaintiffs' claims on summary judgment.**

Alternatively, the Court can exercise its discretion and defer ruling on Plaintiffs' class certification motion until after summary judgment because certifying a class at this stage in the litigation is unnecessary and will not promote greater judicial efficiency.  The Government maintains that Plaintiffs fail to satisfy the requirements under Rule 23 necessary for class certification, however, the Court can defer ruling on the class certification issue because its decision on summary judgment could dispose of the case and render moot Plaintiffs' claims for class certification.[4]  *See Curtin v. United Airlines, Inc*., 275 F.3d 88, 92 (D.C. Cir. 2001) (indicating that courts have not granted class certification where the case is readily disposed of on summary judgment (citing *Thompson v. County of Medina,* 29 F.3d 238, 240–41 (6th Cir. 1994)).

Moreover, "[t]he Ninth Circuit has held that before ruling on class certification, it is 'reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation.'"  *Dacanay v. Gov't of Guam*, No. 05-00017, 2006 WL 2244579, at *1 (D. Guam Aug. 4, 2006) (citing *Wright v. Schock,* 742 F.2d 541, 544-46 (9th Cir. 1984)).  Here, again, because the Court's ruling on summary judgment could dispose of the case and render moot Plaintiffs'

---

[4] The Court has already recognized this.  In its Order on July 25, 2017, the Court indicated: "Since a decision on the merits may render all class certification issues moot, the court further finds that it is in the interests of justice and judicial economy to stay the class certification issue until Defendants' motion to dismiss *and any other dispositive motions are resolved*."  ECF No. 59 at 3 (emphasis added).

class certification claims, deferring a decision on the class certification issue would "protect both the parties and the court from needless and costly further litigation." *Id*.

Accordingly, the Court can exercise its discretion and defer ruling on Plaintiffs' class certification motion until after rendering a decision on the merits of Plaintiffs' claims on summary judgment.

## CONCLUSION

For all of the reasons articulated above, the Court should deny Plaintiffs' class certification motion in its entirety.

Dated: March 9, 2018                  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

AARON S. GOLDSMITH
Senior Litigation Counsel

By: *s/ Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4807
Fax: (202) 305-7000
Email: glenn.girdharry@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2018, I electronically filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and a hyperlink to this document to Plaintiffs' attorneys of record:

Jeffrey Joseph
12203 East Second Ave.
Aurora, CO 80011
303-297-9171
Fax: 303-733-4188
Email: jeff@immigrationissues.com

Jennifer C. Davis
Davis & Davis, P.C.
PO Box 326686
Hagatna, GU 96932
671-649-1997
Fax: 671-649-1995
Email: atty@davisdavis-law.com

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on March 9, 2018, at Washington, DC.

By: *s/Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division