# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| Guam Contractors Association, *et al.*,<br><br>  Plaintiffs-Petitioners,<br><br>vs.<br><br>Jeff Sessions, Attorney General of the United States**,** *et. al.*,<br><br>  Defendants-Respondents. | CIVIL CASE NO. 16-00075<br><br>REPORT AND RECOMMENDATION |

Before the court is a motion by Plaintiffs for an order to hold the Defendants in contempt of court for failing to comply with the Court's January 24, 2018 Injunction which has been referred for a Report and Recommendation.

## BACKGROUND

On January 24, 2018, the Court entered an order granting an injunction against Defendants from denying H-2B Temporary Worker petitions, stating "the agency must be preliminarily enjoined from relying on failure to satisfy peakload or one-time occurrence conditions as grounds for denying temporary worker petitions submitted by the employers . . . ." (ECF No. 81 at 29).  The Court specifically ordered that "USCIS is preliminarily enjoined from relying on application of the reasoning presented in its denials of the FY 2015 and FY 2016 petitions identified by the Plaintiffs to deny any petitions previously submitted by the Plaintiffs or any petitions they submit after the date of this order, in the absence of adequate acknowledgment of a prior course of adjudication and adequate explanation for departure from that course." (ECF No. 81 at 32-33).

Shortly after ordering this injunction, this Court granted Plaintiffs' Motion for Class Certification on March 31, 2018, certifying as a class those Petitioners who have or will file an I-129 application for H-2B workers for Guam either under the Peakload need category, or the One-Time Occurrence category, and who have received or will receive a denial of such I-129 application based on a finding that the Petitioner is unable to demonstrate "temporary need." (ECF No. 92*)*.

On May 11, 2018, the Court further clarified the injunction, stating that it "will therefore make explicit what may have been previously only implicit: the preliminary injunction entered in this case shall apply to all members of the certified class." (ECF No. 97).

## ARGUMENT

Plaintiffs' Position

Plaintiffs argue that Defendants are in contempt of court and cite the court to the following facts:

10. As of September 26, 2018, from the time the injunction was issued on January 24, 2018, the Guam Department of Labor has approved H-2B Labor Certifications for 1,680 positions. (Exh. 1, Affidavit of Gregory S. Massey, Administrator of the Guam Department of Labor's Alien Labor Processing & Certification Division.)

11. Of those 1,680 positions, 764 fall within the National Defense Authorization Act[2] ("NDAA") and 916 do not fall within the NDAA. The 916 positions outside of the NDAA comprise Plaintiff Class. (*Id*.)

12. Of the 764 NDAA positions, 668 had petitions with USCIS filed. (*Id*.)

13. Of the 668 positions that were filed with USCIS, 619 had been approved, with only one petition totaling 49 workers still pending approval with USCIS. (*Id*.)

14. As of September 26, 2018, of the 916 non-NDAA positions, which comprise Plaintiff Class, 708 had petitions with USCIS filed. (*Id*.)

15. Of the 708 non-NDAA positions filed with USCIS, zero had been approved, with 91 positions having no action taken on them, and no communication from USCIS for over 90 days, 577 positions had been issued one or more Requests for Evidence ("RFEs"), and 40 of the positions had their petitions withdrawn in order for the petitioner to reapply under an NDAA exception. (*Id*.)

16. The RFEs that the Plaintiff Class has received focus in large part on the petitioners' ability to demonstrate temporary need as either peakload or one-time occurrence. When Plaintiff Class provided copies of this Court's injunction and instructed USCIS of its obligations under said injunction, USCIS stated that "This Request for Evidence is being issued in order to enable the agency to adjudicate your petition consistent with the

preliminary injunction issued by the U.S. District Court for the District of Guam in Civil Case No. 16-00075." (*See* Exh. 2, Examples of Requests for Evidence Focusing on Temporary Need.)

17. Companies that sent similar NDAA and non-NDAA petitions to USCIS at a nearly identical time experienced drastically different results on the NDAA and non-NDAA petitions. For example, 5M Construction Corporation filed both NDAA and non-NDAA petitions within a month of each other. Those that were within the NDAA were approved, and those without the NDAA were issued burdensome RFEs. (*See* Exh. 1 Affidavit of Gregory S. Massey, Administrator of the Guam Department of Labor's Alien Labor Processing & Certification Division; Exh. 2A, Request for Evidence – 5M Construction Corporation.)

18. Further, on October 3, 2018, after two separate sets of RFEs, Plaintiff Class member Ace Builders, LLC received denials from Defendants on nine I-129 Petitions for a Nonimmigrant Worker totaling 555 petitions, seeking H-2B nonimmigrant classification on peakload need. These denials were based solely on a failure to establish temporary need, stating "you have not provided sufficient evidence to establish that you have a temporary need for the beneficiaries' services based on an unpredictable peak load situation." (*See* Exh. 4, Ace Builders, LLC Denials.)

Based upon the above, Plaintiffs argue that the evidence is clear and convincing that the Defendants failed to comply with the Court's January 24, 2018 injunction by denying Plaintiff Class's petitions by increasing the cost to Plaintiff Class in its issuance of burdensome Requests for Evidence ("RFEs") relating to temporary need, or denying Plaintiff Class's petitions, by refusing to adjudicate Plaintiff Class's petitions entirely. Thus, Defendants are in contempt of Court.

Defendants' Position

In their opposition, Defendants argue that the court should deny Plaintiffs' Motion for Contempt, because it is merit less. Defendants contend there is *no evidence* to support a finding of civil contempt against United States Citizenship and Immigration Services ("USCIS") for purportedly failing to comply with the Court's Preliminary Injunction Order ("PI Order"), The opposite is true – USCIS is, and has been, in full compliance with the Court's PI Order.

Plaintiffs filed their motion because USCIS denied some H-2B temporary worker visa petitions recently filed by class-member employer-petitioners. *See, e.g.,* ECF No. 108-7. As the decisions indicate, however, USCIS denied the H-2B petitions because the employer-petitioners failed to demonstrate satisfaction of the eligibility requirements necessary for H-2B

petition approval.  Nothing in the PI Order relieves any class member employer from its burden under 8 U.S.C. § 1361 to satisfy each statutory and regulatory requirement necessary for H-2B petition approval.  *See* ECF No. 81 at 29, 33.  Rather, as is required from all H-2B petitioner-employers, class member employers must demonstrate satisfaction of *all relevant H-2B petition eligibility criteria*.  And, in any instance that a class member fails to do so, the PI Order requires USCIS to issue a denial decision that acknowledges any previous adjudication of H-2B petitions and provides an adequate explanation why the agency may have departed from that previous course of adjudication.  The recent denial decisions issued by USCIS meet these requirements.  *See, e.g.,* ECF No. 108-7.  USCIS, therefore, is in full compliance with the Court's PI Order, and there is no basis for Plaintiffs' motion for contempt.  Accordingly, the Court should deny Plaintiffs' motion in its entirety.

In order to show their compliance with the PI Order, Defendants refer to the adjudication of Plaintiffs' recently filed H-2B petitions, in particular, by Ace Builders LLC. With regard to Ace Builders, Defendants state:

> [Ace Builders] has claimed since 2006 that the temporary additions to [its] staff would not become a part of [its] regular operation. Yet, many of the petitions [the company has] filed have been for extensions for the same workers. While each of these petitions may have been filed to use the beneficiaries' services in relation to various projects and contracts that have had definite beginning and end dates, it has become clear by reviewing [the company's] filing history as a whole, that during the time period between 2006 and 2016 [the company's] need for these services has been constant and not temporary. . . [Ace Builders'] filing history and [its] own statements regarding [its] need and [its] assertion that the beneficiaries of the instant petition would not become part of [the company's] regular operation is insufficient to meet [the company's] burden of proof.

Defendants argue that they have complied with the PI Order because they have:

1.) Acknowledged a prior course of adjudication of H-2B petitions, namely approval of petitions, *see, e.g.*, ECF No. 108-7 at 69 ("[Ace Builders has] filed close to 100 H-2B petitions since 2006, many of which have been approved . . . on the basis of a recurring, peak load need[.]"); and

2.) Provided an adequate explanation because the agency may have appeared to have departed from that prior course of adjudication.

The PI Order of January 24, 2018 provides:

It is further **ORDERED** that USCIS is preliminarily enjoined from relying on application of the reasoning presented in its denials of the FY 2015 and FY 2016 petitions identified by the Plaintiffs to deny any petitions previously submitted by the Plaintiffs or any petitions they submit after the date of this Order, in the absence of adequate acknowledgment of a prior course of adjudication and adequate explanation for departure from that course. The earlier denials are vacated.

It is further **ORDERED** that Defendants shall reconsider any prior petitions from the Plaintiffs still eligible for prospective treatment, and shall adjudicate any petitions submitted by the Plaintiffs after the date of this Order, in a manner consistent with both any longstanding practice and this Order. The court expresses no opinion as to whether any petitions may meet any relevant eligibility criteria.

It is further **ORDERED** that the Plaintiffs' prior labor certifications shall remain valid through the end of the next period in which each individual Plaintiff may petition for and receive a temporary visa.

It is further **ORDERED** that this Order shall remain effective until further order of the court....

In support of its contention that it complied with the Court's Order in adjudication Ace Builders' petitions, USCIS states:

> "In accordance with the Court's PI Order, ECF No. 81, the denial decisions acknowledge the previous adjudication of H-2B petitions, and provide an adequate explanation for why the determination may appear to depart from the agency's prior course of adjudication."[1]

On April 23, 2018, Ace Builders filed two Petitions for a Nonimmigrant Worker (Form I-29) to temporarily employ Electricians (WAC1815052434) and Plumbers (WAC1815052886) from June 4, 2018 to June 3, 2019 based upon a temporary need which the company asserted to be peakload in nature.[2] Defendant USCIS issued an RFE and Plaintiffs responded on June 15, 2018. USCIS issued a second RFE and Plaintiffs responded on September 19, 2018. On October 3, 2018, USCIS denied the applications. In the denial, USCIS states:

> "The record has now been considered in its entirety and a decision to deny the instant petition has been rendered. Consistent with the preliminary injunction issued by the U.S. District Court for the District of Guam in Civil Case No. 16-00075, the decision includes an explanation for this denial that may appear to depart from a prior course of adjudication, in this case, your prior approvals for H-2B workers from September 2006 to February 2016.
>
> The issue to be discussed is whether you have sufficiently established that your need for the beneficiaries' services or labor is temporary. We examine below whether you

---

[1]See Opposition, p. 5, lines 15-18.

[2]See Exhibit 7 to Plaintiffs' Motion.

meet the criteria to show temporary need under the criteria for a one-time occurrence or peakload need."

Is the Defendants' response in their opposition, and more particularly USCIS's denial of Ace Builders petitions, in conformity with the PI Order? A review of the PI Order requires Defendants, at a minimum, to comply with two material mandates in adjudicating a petition before it. The Defendants are:

1. Prevented and enjoined from relying on the rationale that it previously used in denying Plaintiffs' petitions, unless it (USCIS) acknowledged that it previously adjudicated similar or the same type of petitions differently and at the same time provided an adequate explanation and acknowledgment as to reasons why it departed from the rationale of the prior adjudications.

2. Required to adjudicate any petitions submitted by the Plaintiffs after the date of this Order, **in a manner consistent with both any longstanding practice and this Order**.

As the court has pointed out above, the PI Order has two parts which need compliance by Defendants. It appears from their opposition that Defendants believe that the first part of the PI Order referenced above is the only provision that they need to address to comply with the court's injunction. As to that first part, Defendants believe they have complied with that part of the Order and the Injunction in general because in its denial of Ace Builders' petitions, USCIS addressed the One-time Occurrence and Peak Load needs of Ace Builders. In addressing the **One-time Occurrence** needs of Ace Builders, USCIS writes:

> The record of evidence indicates that your need for the duties associated with your activities will not cease with the conclusion of any particular event and in this instance, construction of !Learn Charter School, Summer Towers 2, 3, and 4, Summer Town Estates Phase 3, and Umatac-Merizo Wastewater Treatment Plant Upgrade. The evidence indicates that you will have an ongoing need for the duties associated with your current activities to be performed. Lastly, you did not provide supporting documentation to establish that there has been an increase in demand for your general construction services outside the scope of

your normal operations.

In addition, based on USCIS records. you have regularly and frequently petitioned for general construction services. Filings as early as September 2006 to February 2016 as well as nine (9) separate petitions being filed for 2018 in which you petitioned for H-2B workers were discovered for completion of projects and to ultimately fulfill contract obligations. You were approved for H-2B workers from September 2006 to February 2016. It appears that you continuously employed H-2-B workers year round, claiming either a one-time occurrence or peakload need, for ten years. In light of this tiling history, after nearly ten years it no longer appears that your claimed need is truly temporary. Specifically, to establish that you need workers for a one time occurrence, you must demonstrate that you have not employed workers to perform the services or labor in the past and that it will not need workers to perform the services or labor in the future. Although you were approved for several years based on your assertions that you have a peak load need, after a careful review of your filing history, it now appears that there is a consistent need, not a temporary one. This was further corroborated by your statement, "In this instance, the short term demand is its contractual obligations in the form of four separate, simultaneous, ongoing construction projects."[11]

The totality of the record of evidence does not establish that you satisfy 8 CFR §214.2(h)(6)(ii)(B). The temporary need must end in the near, definable future. As discussed, because your four current projects are ongoing and you have an extensive filing history for similar construction services, there is 'no clear definable point at which your need for temporary employees will end.

Consequently, the evidence of record, taken in conjunction with your historical business practices, indicate that you will continue to need workers in the future to perform the H-2B services for which you file petitions. Accordingly, the evidence indicates that your need for various construction related services is not limited to the duration of the subject projects themselves, as you are now claiming.

In addressing the **Peak Load** needs of Ace Builders, USCIS writes:

It must be noted that according to UCSIC records, you have filed close to 100 H-2B petitions since 2006, many of which have been approved.

In most, if not all of those filings you were approved on the basis of a recurring, peak load need, and in requesting workers on a peakload basis, you have claimed since 2006 that the temporary additions to your staff would not become a part of your regular operation. Yet, many of the petitions you have filed have been for

extensions for the same workers. While each of these petitions may have been filed to use the beneficiaries' services in relation to various projects and contracts that have had definite beginning and end dates, it has become clear by reviewing your filing history as a whole, that during the time period between 2006 and 2016 your need for these services has been constant and not temporary.

You were approved from 2006 to 2016 based on your assertions that you have a peakload need, and accordingly the temporary additions to your staff would not become a part of your regular operation. Your filing history and your own statements regarding your need and your assertion that the beneficiaries of the instant petition would not become part of your regular operation is insufficient to meet your burden of proof.

In summary, you have not provided sufficient evidence to establish that you have a temporary need for the beneficiaries' services based on an unpredictable peak load situation.

In reviewing USCIS's denial of Ace Builders petitions, the court finds that USCIS has relied upon the same rationale it employed in denying petitioners' applications in its prior decisions. In all of the prior petitions which have been filed and included as part of the First Amended Complaint, the USCIS have sent letters to the petitioners informing them that:

1. Petitioners did not provide "sufficient evidence to establish ...temporary need."

2. Petitioners failed to show that their need for the H-2B workers will end in the near, definable future pursuant 8 C.F.R. § 214.2(h)(6) (ii)(B).

3. Petitioners failed to show that they regularly employed permanent workers to perform the services or labor at the place of employment and that they needed to supplement their permanent staff at the place of employment on a temporary basis due to seasonal or short term demand and that the temporary additions to staff will not become a part of petitioners' regular operation, citing 8 C.F.R. § 214.2 (h)(6)(ii).

Defendants further argue that they have complied with the PI Order because USCIS denied the H-2B petitions as a result of the employer-petitioners failure to demonstrate satisfaction of the eligibility requirements necessary for H-2B petition

approval. Defendants argue that nothing in the PI Order relieves any class member employer from its burden under 8 U.S.C. § 1361 to satisfy each statutory and regulatory requirement necessary for H-2B petition approval. Rather, as is required from all H-2B petitioner- employers, class member employers must demonstrate satisfaction of *all relevant H-2B petition eligibility criteria*.

In reviewing Defendants' response, the court finds that Defendants have not complied with the PI Order.

In their response to the motion, Defendants first allude to the Court's statement in the PI Order that it has not taken a position whether any petition has met "any relevant eligibility criteria." Thus, USCIS argues that it has complied with the injunction because it has determined that Ace Builders has not met a relevant eligibility criteria, a determination that USCIS can make without violating the terms of the injunction. Defendants' reliance on that portion of the PI Order is misplaced. USCIS has in fact ruled and determined that Ace Builders has not met the relevant eligibility criteria asserted therein because it has failed to show a temporary need and failed to satisfy the peak load and one-time occurrence need of the statute and the regulation. However, the PI Order is clear that USCIS is enjoined from denying a petition on the same rationale it employed when it previously denied Petitioners' applications.

Insisting that they are in compliance, Defendants argue further that they have acknowledged previous adjudications of Ace Builders' applications which were favorable to petitioner and provided an **adequate explanation that the agency may have departed from a previous course of adjudication in the prior approvals**. This action on their part is all that Defendants believe they need to do to comply with the PI Order. Defendants do not believe the PI Order enjoins them in any manner from denying Ace Builders petitions on the basis of the same rationale it employed in the prior denials. Defendants believe that by addressing an exception to the Injunction, none of the other orders made therein are applicable to them. Defendants have failed to appreciate the ramifications and reach of the PI Order. Defendants believe all is fine with an

explanation they believe to be adequate and a brief reference that their decision and ruling in Ace Builders' petitions may be a departure from prior adjudications.

The facts of this case, however, show that Defendants have denied Ace Builders' petitions and used the same reasoning it used when it denied the prior petitions. Using the same reasoning, however, violates the PI Order. Again, the court reiterates that USCIS agues that it did not violate the PI Order because it provided an adequate explanation for using the same reasoning in its current denial. But the court questions how a denial which uses the same reasoning as the prior adjudication can be considered an adequate explanation when that explanation has previously been rejected and determined to be inadequate by the Court and enjoined from continued use by the agency. In this regard, USCIS tries to de-minimize its noncompliance by stating that it "took the additional step of explaining why the petitions could not qualify under the alternative definitions of "seasonal' or intermittent" temporary need. The court notes, however, that Ace Builders was petitioning for H-2B temporary workers based upon a temporary need asserted to be peakload in nature. USCIS cannot logically say that it has provided an adequate explanation why it denied Ace Builders peakload need petition because it determined it could not qualify for seasonal or intermittent need.

More importantly, the PI Order calls for USCIS to acknowledge a departure from a prior course of adjudication for the same type of petitions. USCIS has never acknowledged a departure from a previous course of adjudication despite the fact that historically these petitions were not denied based upon a failure to satisfy a peakload or a one-time occurrence condition but are now regularly denied based upon a failure to meet or satisfy those conditions. From 2006 to 2016, a period of ten years, Ace Builders have submitted petitions with USCIS for Nonimmigrant Workers based upon a temporary need which the company asserted to be peakload or one-time occurrence in nature. For ten years, these petitions have been approved. As the Court has previously stated, USCIS cannot change the direction of a prior course of adjudication without providing a rational and adequate explanation for the change in direction. It is insufficient to merely

conclude otherwise as it has done herein and without acknowledging that it has indeed departed from a long standing policy of approvals.

The court notes that the purpose of the PI Order was to maintain the status quo - to enjoin USCIS's adjudication herein in a manner which is inconsistent with historical and long standing prior policy. Thus, it was necessary for the Court to enjoin USCIS's denials of the peakload and one-time occurrence requests and further require an adjudication consistent with the agency's prior long standing policy. Thus, the court's order:

> It is further **ORDERED** that Defendants shall reconsider any prior petitions from the Plaintiffs still eligible for prospective treatment, and shall adjudicate any petitions submitted by the Plaintiffs after the date of this Order, **in a manner consistent with both any longstanding practice and this Order**.
> (Emphasis added.)

Is there clear and convincing evidence that Defendants have not complied with the PI Order?

USCIS was preliminarily enjoined from relying on application of the reasoning presented in its denials of the petitions referenced in its First Amended Complaint. USCIS has clearly failed to comply with this provision because it did rely on those same reasons when it denied Ace Builders' petitions.

USCIS was ordered to provide an adequate explanation for any departure from a prior course of adjudication and to acknowledge a departure from said prior course of adjudication. USCIS has not provided an adequate or rational explanation for a departure from its prior adjudication despite the fact that historically these petitions were not denied based upon a failure to satisfy a peakload or a one-time occurrence condition. Defendants cannot explain their decision using the same reasoning used in the prior petitions because that reasoning has previously been rejected by the Court. Thus, the decision reached in the Ace Builders' petitions, which were based upon the same reasoning from the prior denied petitions, does not provide an adequate explanation.

More importantly, USCIS has not acknowledged a departure from its prior adjudications. It appears to take a position that its recent denial of Ace Builders' petitions may be consistent with prior adjudications since it has stated only that its **denial may be a departure** from its prior adjudication.

Defendants were **ORDERED** to adjudicate any petitions submitted by the Plaintiffs after the date of the PI Order in a manner consistent with both any longstanding practice and its Order. Despite Ace Builders' ten year history of prior approvals, Defendants denied its current petitions in a manner inconsistent with its prior adjudications. Thus, Defendants have also not complied with this part of the PI Order. More telling, at no time in its decision denying Ace Builders' petitions did USCIS ever allude to the court's mandate that it review said petitions consistent with long standing practice. Rather, it has taken the position that because it has provided an alleged adequate explanation of its denial and acknowledged Ace Builders' prior adjudications, there was no need to address this part of the PI Order. USCIS is mistaken in that regard.

From all of the above, there appears to be clear and convincing evidence that Defendants have failed to fully comply with this court's injunction.

Plaintiffs have requested several possible sanctions for Defendants' failure to comply with the court's PI Order. These sanctions are appropriate for the court's consideration.

**RECOMMENDATION**

The Court hereby recommends that the District Court find that Defendants have failed to comply with the Court's PI Order of January 24, 2018, based upon the following findings and conclusions:

1. USCIS was preliminarily enjoined from relying on the application of the reasoning presented in its denials of Plaintiffs' prior petitions as listed in their First Amended Complaint. USCIS, however, used the same prior rationale in denying Ace Builders' two Petitions for a Nonimmigrant Worker (Form I-29) to temporarily employ Electricians (WAC1815052434) and Plumbers (WAC1815052886) from June 4, 2018 to

June 3, 2019 based upon a temporary need which the company asserted to be peakload in nature.

In employing the same reasoning of its prior denials in its denial of Ace Builders' petitions, USCIS did not provide an adequate or rational explanation for the denial since the rational and reasoning of the prior adjudications were rejected by the Court. A mere different conclusion from the prior adjudicated petitions do not provide an adequate or rational explanation.

Finally, USCIS did not acknowledge that its denial of Ace Builders' petitions was a decision which was a departure from its prior adjudicated cases. It merely stated that such a decision may be a departure from prior adjudicated petitions.

2. Defendants were ordered to adjudicate Ace Builders' petitions in a manner consistent with both any longstanding practice and the PI Order. Despite ten years of prior approvals, Defendants denied the petitions and made no reference in its denial of a mandate to adjudicate the petitions consistent with its said longstanding practice.

Defendants have failed to meaningfully appreciate the implications, ramifications, and reach of the Court's PI Order which enjoined them from using its prior denial reasoning with respect to current petitions and the Court's mandate to adjudicate future petitions in accord with long standing practice.

Plaintiffs are entitled to appropriate sanctions.



**/s/ Joaquin V.E. Manibusan, Jr.**
     **U.S. Magistrate Judge**
**Dated: Jun 25, 2019**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)**