DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| Guam Contractors Association, *et al.*, | CIVIL CASE NO. 16-00075 |
| Plaintiffs-Petitioners, | |
| | O R D E R |
| vs. | |
| Jeff Sessions, Attorney General of the United States**,** *et. al.*, | |
| Defendants-Respondents. | |

Before the court is a motion by Plaintiffs to compel additional discovery pursuant to 5 U.S.C. § 706, Fed R. Civ. P. 26-37 and CVLR 26, 33, 36.

Specifically, Plaintiffs request the court to:

1. Order Defendants to produce the entire administrative record;

2. Order Defendants to produce all evidence between 2012 and the present related to guidance, policy memoranda, training materials, oral and written communications, and similar documentation concerning the agency's construction and interpretation of the regulation at 8 C.F.R. section 214.2(h)(6)(ii)(A) and (B), and *Matter of Artee*, 18 I&N Dec. 366 (Comm. 1982). Specifically, the agency's construction and interpretation of "temporariness," "temporary need," "peakload," "seasonal," and/or "one-time occurrence," in the context of the H2B Temporary Non-Agricultural Worker Program.

**BACKGROUND**

On October 18, 2018, Plaintiffs received 27 Federal Express boxes of discovery related to the H2B petitions filed by the Plaintiffs in this case. The discovery received did not contain

an index and did not contain any certification that the documents constituted the entirety of the administrative record.  In addition, the discovery did not contain any privilege log claiming that certain discovery was exempt from disclosure.  After having reviewed the discovery, Plaintiffs concluded that the record was incomplete and requested the court to order additional discovery.

The parties herein disagree as to the appropriate scope of discovery in relation to what is the administrative record.  Plaintiffs argue that the administrative record includes not only the petition and evidence submitted by the Plaintiffs but also "all documents and materials directly or indirectly considered by agency decision-makers," citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis omitted).  It is the Plaintiffs' position that internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes that inform of an agency's final decision are also part of the administrative record.

Even if the requested documents do not constitute part of the administrative record, the Plaintiffs further contend they are entitled to limited discovery beyond the administrative record pursuant to 5 U.S.C. § 706, Fed. R. Civ. P. 26-37, CVLR 26, 33, and 36, and relevant case law.

Defendants oppose the motion for several reasons.

One of the reasons given by the Defendants for opposing the motion is that Plaintiffs have failed to failed to comply with the "meet and confer" provision of CVLR(a) and (b).  Under the above local rule, the court is prevented from entertaining any discovery motion unless counsel previously conferred or attempted to confer with opposing counsel in a good faith effort to limit the disputed issues and possibly eliminate the necessity of the motion filing.  Defendants argue Plaintiffs failed to make a good effort to discuss and resolve the disputed issue prior to the filed motion since the discovery motion was filed "less than three hours after sending a cursory message to Government counsel."

The court has reviewed Plaintiffs' response to this part of Defendants' opposition and after such review, the court agrees with Defendants.  Plaintiffs have failed to comply with CVLR(a) and (b).  Regardless of Plaintiffs' knowledge of Defendants' known position in

relation to the said disputed discovery issue, local rule CVLR(a) and (b) still requires a good faith effort to discuss the disputed discovery issue in a more meaningful and reasonable way than was done by Plaintiffs.

The motion to compel additional discovery is denied without prejudice.



**/s/ Joaquin V.E. Manibusan, Jr.**
   **U.S. Magistrate Judge**
**Dated: Jul 15, 2019**