JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
SAMUEL P. GO
Senior Litigation Counsel
GLENN M. GIRDHARRY
Assistant Director
     United States Department of Justice
     Civil Division
     Office of Immigration Litigation
     District Court Section
     P.O. Box 868, Ben Franklin Station
     Washington, DC 20044
     Telephone: (202) 532-4807
     Facsimile: (202) 305-7000
     Email: glenn.girdharry@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| GUAM CONTRACTORS ASSOCIATION, *et al.*, | Civil No. 16-00075 |
| Plaintiffs, | |
| v. | DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ECF NO. 126 |
| WILLIAM P. BARR, Attorney General of the United States, *et al.*, | |
| Defendants. | ORAL ARGUMENT REQUESTED |

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

ORAL ARGUMENT IS REQUESTED ....................................................................1

RELEVANT BACKGROUND ...................................................................................1

A.    The Court's preliminary injunction and class certification orders.....................1

B.    Plaintiffs' H-2B petitions filed during Fiscal Year 2018..................................3

STANDARD OF REVIEW .........................................................................................4

A.    Standard of Review for Objections to a Report & Recommendation.................4

B.    Standard of Review for Civil Contempt. ...........................................................5

ARGUMENT ...............................................................................................................5

A.    The R & R erroneously found that the PI Order enjoined USCIS from denying any class member's subsequently-filed H-2B petition on grounds identified in prior decisions under any circumstance....................................................................................................6

B.    USCIS provided sufficient acknowledgement of its past approvals of Ace Builders' petitions and an adequate explanation of the reasons why the agency departed from those prior determinations ...............................................................................................9

C.    USCIS adjudicated class members' H-2B petitions in a manner consistent with both the PI Order and the agency longstanding policy on "temporariness" in the H-2B visa program established in 1982 by *Matter of Artee* Corp. ..........................14

D.    USCIS's adjudication of NDAA H-2B petitions is not evidence of purported noncompliance with the Court's PI Order. .........................................................16

E.    Plaintiffs did not satisfy the "clear and convincing" standard necessary for a finding of civil contempt....................................................................................................18

F.    Plaintiffs are not entitled to any sanctions ........................................................20

CONCLUSION............................................................................................................23

CERTIFICATE OF SERVICE .................................................................................24

# TABLE OF AUTHORITIES

## CASE LAW

*Airmark Corp. v. FAA*,
  758 F.2d 685 (D.C. Cir. 1985) ................................................................. 7

*Barry v. Bowen*,
  884 F.2d 442 (9th Cir. 1989) ................................................................. 21

*Block v. North Dakota*,
  461 U.S. 273 (1983) ................................................................................ 21

*Cal. Pub. Utilities Comm'n v. F.E.R.C.*,
  879 F.3d 966 (9th Cir. 2018) ............................................. 7, 10, 11, 14

*Colorado v. New Mexico*,
  467 U.S. 310 (1984) ......................................................................... 5, 19

*Dillmon v. Nat'l Transp. Safety Bd.*,
  588 F.3d 1085 (D.C. Cir. 2009) ............................................................ 10

*District of Columbia Fin. Responsibility & Mgmt. Auth. v. Concerned Senior Citizens of the Roosevelt Tenant Ass'n., Inc.*,
  129 F. Supp. 2d 13 (D.D.C. 2000) ......................................................... 9

*Doe v. United States Citizenship & Immigration Servs.*,
  239 F. Supp. 3d 297 (D.D.C. 2017) ..................................................... 14

*F.C.C. v. Fox Television Stations, Inc.*,
  556 U.S. 502 (2009) ........................................................ 7, 10, 11, 14

*Florida Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ...................................................................... 13, 23

*FTC v. Affordable Media*,
  179 F.3d 1228 (9th Cir. 1999) ............................................................... 5

*General Signal Corp. v. Donallco, Inc.*,
  787 F.2d 1376 (9th Cir. 1986) ............................................................. 21

*Humane Society of the United States v. Locke*,
  626 F.3d 1040 (9th Cir. 2010) ............................................................... 7

*In re Dual-Deck Video Cassette Recorder Antitrust Litig'n*,
  10 F.3d 693 (9th Cir. 1993) ................................................................... 5

- ii -

*N. Carolina Fisheries Ass'n, Inc. v. Gutierrez,*
  550 F.3d 16 (D.C. Cir. 2008) .................................................................................. 13

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife,*
  551 U.S. 644 (2007) ............................................................................................... 13

*INS v. Orlando Ventura,*
  537 U.S. 12 (2002) ........................................................................................... 16, 22

*PPG Indus. v. U.S.,*
  52 F.3d 363 (D.C. Cir. 1995) .................................................................................. 13

*Pueblo of Sandia v. Babbitt,*
  231 F.3d 878 (D.C. Cir. 2000) ................................................................................ 13

*Reno Air Racing Ass'n, Inc. v. McCord,*
  452 F.3d 1126 (9th Cir. 2006) ....................................................................... 5, 18, 20

*SEC v. Chenery Corp.,*
  318 U.S. 80 (1943) .................................................................................................. 22

*Sekaquaptewa v. MacDonald,*
  544 F.2d 396 (9th Cir. 1976) .................................................................................. 20

*Stone v. City and County of San Francisco,*
  968 F.2d 850 (9th Cir. 1992) ............................................................................... 5, 20

*Sw. Airlines Co. v. FERC,*
  926 F.3d 851 (D.C. Cir. 2019) ................................................................................ 10

*Tennessee Gas Pipeline Co. v. FERC,*
  867 F.2d 688 (D.C. Cir. 1989) ................................................................................ 10

*U.S. v. Reyna-Tapia,*
  328 F.3d 1114 (9th Cir. 2003) .................................................................................. 4

*United States v. Mitchell,*
  463 U.S. 206, (1983) ............................................................................................... 21

*United States v. United Mine Workers of America,*
  330 U.S. 258 (1947) ............................................................................................... 21

*United States v. Woodley,*
  9 F.3d 774 (9th Cir. 1993) ...................................................................................... 21

- iii -

## ADMINISTRATIVE DECISIONS

*Matter of Artee Corp.*,
  18 I. & N. Dec. 366 ................................................................ 2, 15

## FEDERAL STATUTES

5 U.S.C. § 555(e) ................................................................................ 4

5 U.S.C. § 701 ................................................................................... 23

8 U.S.C. § 1101(a)(15)(H)(ii)(b) .................................................. 8, 23

8 U.S.C. § 1103(a)(1) ...................................................................... 22

8 U.S.C. § 1103(a)(3) ...................................................................... 22

8 U.S.C. § 1184(a)(1) ...................................................................... 22

8 U.S.C. § 1184(c)(1) ...................................................................... 23

8 U.S.C. § 1361 ................................................................... 6, 8, 17, 19

28 U.S.C. § 636(b)(1) ....................................................................... 4

## FEDERAL REGULATIONS

8 C.F.R. § 103.2(b)(8) ..................................................................... 23

8 C.F.R. § 103.7(e) .......................................................................... 22

8 C.F.R. § 103.7(e)(2)(i) .................................................................. 22

8 C.F.R. § 214.2(h)(6)(ii) ................................................................. 8

8 C.F.R. § 214.2(h)(6)(ii) ................................................................. 6

8 C.F.R. § 214.2(h)(6)(ii)(B) .................................................... *passim*

8 C.F.R. § 214.2(h)(6)(vi) ................................................................ 8

## FEDERAL REGISTER NOTICES

55 Fed. Reg. 2616 ............................................................................ 2

73 Fed. Reg. 78104 ......................................................................... 15

73 Fed. Reg. 781118 ....................................................................... 15

## FEDERAL RULES FOR CIVIL PROCEDURE

Fed. R. Civ. P. 72(b)(3) ................................................................... 4

## PUBLIC LAW

Pub. L. No. 115-91 ........................................................................ 9

Pub. L. No. 115-232 ................................................................... 9, 16

Pub. L. No. 115-232 ................................................................... 9, 16

**INTRODUCTION**

Defendants (or "the Government") respectfully submit the following objections to the entirety of the Magistrate Judge's Report and Recommendation ("R & R") issued on June 25, 2019. *See* R & R, ECF No. 126.[1] The R & R erroneously concludes that United States Citizenship and Immigration Services ("USCIS") failed to comply with the Court's Preliminary Injunction Order, ECF No. 81 ("PI Order"), and that Plaintiffs are entitled to sanctions. ECF No. 126. To the contrary, USCIS's actions on class members' H-2B petition comply with both the Court's PI Order and the Administrative Procedure Act ("APA"). For the reasons detailed below, the Government requests that the Court reject the R & R's findings and conclusions in their entirety and deny Plaintiffs' motion for contempt.

**ORAL ARGUMENT IS REQUESTED**

Under CVLR 7(i), the Government requests oral argument. The Government requests the opportunity to be heard with respect to its objections to the R & R, along with the opportunity to respond to any questions that may be posed by the Court. If the Court orders oral argument in this matter, the Government proposes that the Court issue an order requesting the parties submit three or four mutually agreeable dates for a hearing. *See, e.g.*, ECF Nos. 70, 121.

**RELEVANT BACKGROUND**

**A.      The Court's preliminary injunction and class certification orders.**

On January 24, 2018, the Court entered an order granting in part Plaintiffs' motion for a preliminary injunction. ECF No. 81. The PI Order recognized the parameters set by the APA and ordered that USCIS:

---

[1] Undersigned counsel for the Government notes that on July 19, 2019, he filed a request for a 7-day extension of time to file the Government's objections to the R & R, which Plaintiffs indicated they opposed. ECF No. 130. Undersigned counsel made the request in good faith, for the reasons indicated in the request. However, anticipating that the Court may not be able to issue an order on the opposed request in advance of the Government's filing deadline, out of an abundance of caution, undersigned counsel made several last-minute arrangements to deal with the matters articulated as the reasons the extension was needed, in order to finalize and file the Government's objections by the July 23, 2019, deadline. Undersigned counsel appreciates the Court's Order granting the request, ECF No. 131, and provides this note to reiterate to the Court that his request for the short period of additional time to file the Government's objections to the R & R was legitimate, and made in good faith.

is preliminarily enjoined from relying on application of the reasoning presented in its denials of the FY 2015 and FY 2016 petitions identified by the Plaintiffs to deny any petitions previously submitted by the Plaintiffs or any petitions they submit after the date of this Order, *in the absence of adequate acknowledgement of a prior course of adjudication and adequate explanation for departure from that course*.

*Id*. at 32 (emphasis added). The PI Order further indicated that USCIS:

shall adjudicate any petitions submitted by the Plaintiffs after the date of this Order, *in a manner consistent with both any longstanding practice and this Order*.

*Id*. at 33 (emphasis added). This specific instruction by the Court is important because from the outset of this litigation, the Government has maintained that USCIS's *longstanding policy* of interpreting "temporary need" in the H-2B program is derived from *Matter of Artee Corp.*, 18 I. & N. Dec. 366, 367 (Comm. 1982) and 55 Fed. Reg. 2616 (Jan. 26, 1990), which has governed the agency's adjudication of H-2B petitions filed by employers on Guam and in the rest of the United States. *See, e.g.*, Gov't Opp. to Prelim. Inj., ECF No. 13 at 12-13; Gov't Mot. to Dismiss, ECF No. 31 at 5-6; Gov't Reply, ECF No. 47 at 4; Gov't Opp. to Mot. for Contempt, ECF No. 111 at 6. This is the basis for the Government's reasonable interpretation of what the PI Order encompassed through the phrase "any longstanding practice." ECF No. 81 at 33.

Finally, the PI Order made clear:

The court expresses no opinion as to whether any petitions may meet *any relevant eligibility criteria*.

*Id*. at 33 (emphasis added).

On March 31, 2018, the Court entered an order certifying a class (and two subclasses) consisting of employer-petitioners who "have filed or will file [petitions] for H-2B workers for Guam" in either the peak load need category (the "Peakload Subclass") or the "one-time occurrence need" category (the "One-Time Occurrence Subclass") and "who have received or will receive a denial of such [H-2B petition] based on a finding that the Petitioner is unable to demonstrate 'temporary need.'" ECF No. 92 at 12-13. On May 11, 2018, the Court ordered that the "preliminary injunction entered on January 24 and clarified in part on February 8 shall apply to all class members." ECF No. 97 at 3.

**B.  Plaintiffs' H-2B petitions filed during Fiscal Year 2018.**

At different times during fiscal year 2018, certain class member employers filed H-2B petitions requesting temporary foreign workers for various non-agricultural occupations on Guam for different periods of need. *See, e.g.*, ECF No. 108-4 (indicating that on April 23, 2018, Ace Builders LLC requested ten H-2B workers for "A/C Technician" or "Air Conditioning & Refrigeration Technician" jobs from June 4, 2018 to June 3, 2019). Because the employers' initial H-2B petition filings failed to demonstrate eligibility for approval based on the petitioner's failure to demonstrate temporary need, instead of denying the petitions, USCIS issued Requests for Evidence ("RFEs"). *Id.* (RFE issued to Ace Builders LLC on May 7, 2018). The RFEs identified the deficiencies in the petitions and provided details to the employers on how they could potentially overcome the deficiencies and obtain favorable determinations. *Id.* at 2-7. The RFEs also indicated that they were "being issued in order to enable the agency to adjudicate [the H-2B petitions] consistent with the preliminary injunction issued by the U.S. District Court for the District of Guam in Civil Case No. 16-00075." *Id.* at 7.

After considering all of the evidence submitted by the petitioner-employers, USCIS denied some of the H-2B petitions because the petitioner-employers failed to meet their evidentiary burden to demonstrate eligibility for approval. *See, e.g.*, ECF No. 108-7 at 64-70 (denial decision issued to Ace Builders LLC on October 3, 2018). Specifically, USCIS determined that the petitioner-employers failed to establish that the need for the labor or services to be performed by the foreign workers was temporary. *Id.*

In accordance with the PI Order and the APA, the decisions included: 1) USCIS's acknowledgment of a prior course of adjudication of the H-2B petitions, namely approval of petitions, *see, e.g.*, ECF No. 108-7 at 69 ("[Ace Builders has] filed close to 100 H-2B petitions since 2006, many of which have been approved . . . on the basis of a recurring, peak load need[.]"); and 2) an adequate explanation for the agency may have appeared to have departed from that prior course of adjudication:

> [Ace Builders] has claimed since 2006 that the temporary additions to [its] staff would not become a part of [its] regular operation. Yet, many of the petitions [the company has] filed have been for extensions for the same workers. While each of

these petitions may have been filed to use the beneficiaries' services in relation to various projects and contracts that have had definite beginning and end dates, it has become clear by reviewing [the company's] filing history as a whole, that during the time period between 2006 and 2016 [the company's] need for these services has been constant and not temporary. . . [Ace Builders'] filing history and [its] own statements regarding [its] need and [its] assertion that the beneficiaries of the instant petition would not become part of [the company's] regular operation is insufficient to meet [the company's] burden of proof.

*Id.*

Consistent with the APA, 5 U.S.C. § 555(e), the decisions provided a reasoned explanation why the evidence submitted by the petitioner-employers failed to satisfy the statutory and regulatory eligibility requirements for H-2B petition approval. *See, e.g.,* ECF No. 108-7 at 69 ("In summary, [Ace Builders has] not provided sufficient evidence to establish that [it has] a temporary need for the beneficiaries' services based on an unpredictable peak load situation."). USCIS even took the additional steps of explaining why the evidence submitted by the petitioner employers failed to satisfy any alternative definition of temporary need, not just the definition sought by the petitioner-employer. *Id.* at 66 -70 (explaining why Ace Builders' petition requesting H-2B approval based on the "peak-load" temporary need definition also did not qualify under the "one-time occurrence," "seasonal," or "intermittent," temporary need definitions). While USCIS concededly should have begun denying these petitions earlier than it did, it is abundantly clear to USCIS that to continue to approve these petitions in disregard of this fact would clearly run afoul of the H-2B program statute and regulations."

**STANDARD OF REVIEW**

**A.    Standard of Review for Objections to a Report & Recommendation.**

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**B.      Standard of Review for Civil Contempt.**

Before holding a party in civil contempt, a court must make two findings: (1) the party must have disobeyed a "specific and definite court order," and (2) the party must have "fail[ed] to take all reasonable steps within [its] power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig'n*, 10 F.3d 693, 695 (9th Cir. 1993)).  However, "a [party] should not be held in contempt if [its] action appears to be based on a good faith and reasonable interpretation of the court's order." *Id*.

Importantly, "[t]he party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by *clear and convincing evidence*, not merely a preponderance of the evidence." *In re Dual-Deck Video*, 10 F.3d at 695 (emphasis added); *see also FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (indicating that the relevant evidentiary standard for a finding of civil contempt is "clear and convincing.").  The clear and convincing evidence standard requires the moving party to "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable.'"  *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984) (citation omitted).  Factual contentions are highly probable if the evidence offered in support of them "instantly tilt[s] the evidentiary scales in the affirmative when weighed against the evidence [the non-moving party] offered in opposition." *Id.*  Only after the moving party has satisfied this heightened standard of proof does the burden shift to the contemnor to demonstrate why it was unable to comply.  *See Affordable Media*, 179 F.3d at 1239 (citing *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

**ARGUMENT**

The Government objects to the R & R's findings and conclusions in their entirety.  USCIS's adverse decisions on class members' H-2B petitions fully comply with the PI Order and standards set by the APA.  The agency's actions are based on its reasonable interpretation of the Court's PI Order, and its good faith intention to fully comply with the PI Order.  The R & R erroneously found that USCIS violated the PI Order because the agency impermissibly relied on

the previously articulated rationale to deny Plaintiffs' H-2B petitions.  The R & R also erroneously found that USCIS failed to provide sufficient acknowledgement of its prior approvals and an adequate explanation of the reasons why the agency departed from those prior determinations.  Additionally, the R & R erroneously concluded that USCIS did not adjudicate Plaintiffs' H-2B petitions in a manner that was consistent with both any longstanding practice and the Court's PI Order.  Finally, the R & R erroneously concluded that Plaintiffs were entitled to sanctions.  For the reasons detailed below, the Government respectfully requests the Court reject in whole all of the R & R's findings and conclusions and deny Plaintiffs' motion for contempt.

### A.    The R & R erroneously found that the PI Order enjoined USCIS from denying any class member's subsequently-filed H-2B petition on grounds identified in prior decisions under any circumstance.

The Government objects to the R & R's conclusion that USCIS violated the PI Order because the agency denied Ace Builders' 2018 H-2B petition for its failure to demonstrate temporary peak load need – the same basis for which the agency denied the company's H-2B petitions filed in Fiscal Years 2015 and 2016 – despite USCIS's acknowledgement of its prior course of adjudication and adequate explanation for departure from that course.  *See* ECF No. 126 at 8-10.  The R & R's conclusion is erroneous because it is contrary to the language of the PI Order and established principles of the APA.

The PI Order does not enjoin USCIS from denying a class member's subsequently-filed H-2B petition on grounds identified in prior decisions *under any circumstance*.  Instead, the PI Order specified that USCIS could not rely on the reasoning presented in its denials of the FY 2015 and FY 2016 petitions "*in the absence of* adequate acknowledgement of a prior course of adjudication and adequate explanation for departure from that course." ECF No. 81 at 32-33 (emphasis added).  In other words, the PI Order indicated that after USCIS reviewed the evidence that a class member submitted in support of its H-2B petition, if the agency determined that the company failed to meet its burden under 8 U.S.C. § 1361 to demonstrate eligibility for approval under the required showing of temporary need, 8 C.F.R. § 214.2(h)(6)(ii)(B), the agency could deny the petition on that basis *as long as* it acknowledged that it had approved the

class member's previously-filed petitions and adequately explained why it was departing from those prior determinations and denying the current petition. This is consistent with the PI Order and the standards set by the APA.

The APA permits an agency to be "free to alter its past rulings and practices even in an adjudicatory setting." *Airmark Corp. v. FAA,* 758 F.2d 685, 691–92 (D.C. Cir. 1985). When an agency does change its practice or policy, however, the requirement that it provide a reasoned explanation for its action demands, at a minimum, that the agency "display awareness that it *is* changing position." *Cal. Pub. Utilities Comm'n v. F.E.R.C.*, 879 F.3d 966, 977 (9th Cir. 2018) (citing *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (emphasis in original)); *see also Humane Society of the United States v. Locke,* 626 F.3d 1040, 1045–46 (9th Cir. 2010) (indicating that the APA requires an agency to "provide a rationale to explain . . . disparate findings.").

USCIS's decision to deny Ace Builders' 2018 H-2B petition complies with both the PI Order and this APA standard. In the decision, USCIS acknowledged that it previously approved H-2B petitions filed by the company for "workers from September 2006 to February 2016," and that the company "filed close to 100 H-2B petitions since 2006, many of which [the agency] approved." ECF No. 108-7 at 67, 69. USCIS further acknowledged that in its previous petitions, the company claimed "either a one-time occurrence or peakload need," and that the agency approved the company's petitions "from 2006 to 2016 based on [its] assertions that [it had] a peakload need, and accordingly, the temporary additions to [the company's] staff would not become a part of [its] regular operation." *Id.*[2]

USCIS explained that departure from its course of approving many of Ace Builders' previous H-2B petitions was necessary because the company "continuously employed H-2B workers year round, claiming either a one-time occurrence or peakload need, for ten years," and

---

[2] The decision also indicated: "The record has now been considered in its entirety and a decision to deny the instant petition has been rendered. Consistent with the preliminary injunction issued by the U.S. District Court for the District of Guam in Civil Case No. 16-00075, the decision includes an explanation for this denial that may appear to depart from a prior course of adjudication, in this case, [the company's] prior approvals for H-2B workers from September 2006 to February 2016." ECF No. 108-7 at 65.

- 7 -

that "[i]n light of this filing history, after nearly ten years it no longer appears that [the company's] claimed need is truly temporary." *Id*. at 67. USCIS further explained that although the agency previously approved Ace Builders' petitions for several years based on the company's assertions that it had a peak load need, after a careful review of the company's filing history, "it now appears that there is a consistent need, not a temporary one." *Id*. Finally, USCIS explained that it approved Ace Builders' H-2B petitions from 2006 to 2016 based on the company's assertions that it had a peak load need, and that "the temporary additions to [its] staff would not become a part of [its] regular operation," but the company's filing history, its own statements regarding its need, and its assertion that "the beneficiaries of the instant petition would not become part of [its] regular operation" was insufficient to satisfy its burden to demonstrate eligibility for approval. *Id*. at 69. Moreover, in addition to providing explanations why the evidence submitted by Ace Builders failed to satisfy the "one-time occurrence" and "peak load" definitions of temporary need, USCIS took the additional step of explaining why the petition could not qualify under the alternative definitions of "seasonal" or "intermittent" temporary need. *Id*. at 69-70.

Moreover, the R & R's conclusion that USCIS is enjoined from denying a class member's H-2B petition for failure to demonstrate "temporary need" under *any circumstance*, regardless of whether the agency acknowledges its prior adjudications and adequately explains its departure from prior determinations, is erroneous because if adopted, it would provide class members with immigration benefits in the form of statutory exemptions that Congress did not intend for them to have. For instance, the R & R's conclusion relieves class members from their burden of proof under 8 U.S.C. § 1361 to demonstrate satisfaction of each statutory and regulatory requirement (*i.e.*, establishing a "temporary need") necessary for H-2B petition approval. *See, e.g.*, 8 U.S.C. § 1101(a)(15)(H)(ii)(b); 8 C.F.R. §§ 214.2(h)(6)(ii), (vi).

Further, the R & R's conclusion provides all class members with the same "temporary need" exemption that Congress has provided *exclusively* to non-class members on Guam – the qualifying H-2B employer-petitioners who are involved with contracts directly connected to, or

associated with, the military realignment.[3]  *See* the John S. McCain National Defense
Authorization Act for Fiscal Year 2019, Pub. L. No. 115-232, 132 Stat. 1636. (2018) (the
"NDAA FY 19").  Congress enacted the NDAA for Fiscal Year 2018, *see* Pub. L. No.  115-91,
§ 1806, 131 Stat. 1283 (2017), and renewed it again for Fiscal Year 2019, each time intending to
exclude class members, who are not qualifying H-2B employers directly connected to, or
associated with, the military realignment, and intending it to apply only to qualifying H-2B
employers directly related to the military alignment. *Cf. District of Columbia Fin. Responsibility
& Mgmt. Auth. v. Concerned Senior Citizens of the Roosevelt Tenant Ass'n., Inc.*, 129 F. Supp.
2d 13, 16 (D.D.C. 2000) ("One of the most firmly established canons of interpretation is
*expressio unius est exclusio alterios,* that is, the expression of one is the exclusion of the other.").

Since USCIS's good faith explanation for denying the petitions was (as is discussed
further below) both adequate and completely truthful, adopting the R & R's conclusion here
would require the Court to order USCIS to *de facto* waive the "temporary need" requirement,
and thereby result, as a practical matter, in the agency taking *ultra vires* action and providing
immigration benefits to class members outside of the agency's authority and in violation of the
agency's congressional mandate to administer, enforce, and comply with the statutory and
regulatory provisions of the H-2B visa program under the Immigration and Nationality Act
("INA").  Respectfully, the Court cannot do this and therefore should reject the R & R's
conclusion.

**B.      USCIS provided sufficient acknowledgement of its past approvals of Ace
Builders' petitions and an adequate explanation of the reasons why the
agency departed from those prior determinations.**

The Government objects to the R & R's findings that USCIS failed to provide sufficient
acknowledgment of its past approvals of class members' previous petitions and an adequate
explanation of the reasons why the agency departed from those prior determinations.  ECF No.
126 at 9-11.  The R & R is erroneous because the acknowledgment of past approvals and

---

[3] The NDAA also exempts certain health care workers on Guam and in the CNMI from
demonstrating "temporary need."  *See* Pub. L. No. 115-232, 132 Stat. 1636. (2018).

reasoned explanation for the departure from those approvals provided by USCIS is sufficient and fully complies with both the PI Order and the standards required by the APA.

The R & R raises the issue of what constitutes a sufficient acknowledgement and adequate explanation of "how and why the pattern of adjudication has changed," ECF No. 81 at 29, regarding class members' H-2B petitions. In such an instance, APA principles establish the appropriate standard.[4] When an agency changes its practice, it need not demonstrate that the reasons for the new practice are better than the reasons for the old practice, *see Fox Television*, 556 U.S. at 515, but it cannot depart from a prior practice "*sub silentio* or simply disregard rules that are still on the books." *Cal. Pub. Utilities Comm'n*, 879 F.3d at 977 (citing *Fox Television*, 556 U.S. at 515). Instead, the agency must at least "acknowledge" its seemingly inconsistent decisions and either offer a reason "to distinguish them" or "explain its apparent rejection of their approach," *Tennessee Gas Pipeline Co. v. FERC*, 867 F.2d 688, 692 (D.C. Cir. 1989). Importantly, this standard "is not an especially high bar," *Sw. Airlines Co. v. FERC*, 926 F.3d 851, 856 (D.C. Cir. 2019), as it suffices that the new practice "is permissible under the statute, that there are good reasons for it, and that the agency believes it to be better, which the conscious change of course adequately indicates.'" *Id.* (citing *Fox Television*, 556 U.S. at 515). And, the APA does not impose a heightened standard of review upon an agency to justify its departure from prior decisions. *See Dillmon v. Nat'l Transp. Safety Bd.*, 588 F.3d 1085, 1089 (D.C. Cir. 2009) (citing *Fox Television,* 556 U.S. at 514).

Here, in denying Ace Builders' 2018 H-2B petition for failing to demonstrate temporary "peak load" need, USCIS provided repeated acknowledgement of its prior approvals of the company's petitions that more than satisfies the APA standard. *See* ECF No. 108-7 at 64-70. The agency acknowledged that Ace Builders had "prior approvals for H-2B workers from September 2006 to February 2016[,]" *id.* at 65, that USCIS had approved the company's petitions "for H-2B workers from September 2006 to February 2016[,]" *id.* at 67, that the company had "filed close to 100 H-2B petitions since 2006, many of which have been

---

[4] In the PI Order, the Court indicated that it "takes no position" as to "what, if anything, might constitute an adequate acknowledgement of and explanation for departure." ECF No. 81 at 29.

- 10 -

approved[,]" *id*. at 69, and that USCIS had approved the company's H-2B petitions "from 2006 to 2016 based on [the company's] assertions that [it had] a peakload need, and accordingly, the temporary additions to [the company's] staff would not become part of [the company's] regular operation." *Id*. Accordingly, USCIS did not deny Ace Builders' 2018 H-2B petition after its prior approvals "*sub silentio*" or by disregarding any agency rules "that are still on the books." USCIS, therefore provided sufficient acknowledgement of its departure from its prior course of adjudications. *See Cal. Pub. Utilities Comm'n*, 879 F.3d at 977 (citing *Fox Television*, 556 U.S. at 515).

USCIS's detailed and reasoned explanation for the agency's departure from its previous pattern of adjudication of class members' H-2B petitions similarly comports with the required APA standards. *See Fox Television*, 556 U.S. at 515-16 (an agency must provide a detailed justification for a change in practice when it "disregard[s] facts and circumstances that underlay or were engendered by" the prior course of adjudications.). In denying Ace Builders' 2018 H-2B petition, USCIS explained in detail that:

> Based on USCIS records, [Ace Builders'] regularly and frequently petitioned for general construction services. Filings as early as September 2006 to February 2016 as well as nine (9) separate petitions being filed for 2018 in which [the company] petitioned for H-2B workers were discovered for completion of projects and to ultimately fulfill contract obligations. [The company was] approved for H-2B workers from September 2006 to February 2016. It appears that [the company] continuously employed H-2B workers year round, claiming either a one-time occurrence or peakload need, for ten years. In light of this filing history, after nearly ten years it no longer appears that [the company's] claimed need is truly temporary. Specifically, to establish that [the company] need[s] workers for a one time occurrence, [the company] must demonstrate that [it has] not employed workers to perform the services or labor in the past and that it will not need workers to perform the services or labor in the future. Although [the company was] approved for several years based on [its] assertions that [it has] a peak load need, after careful review of [the company's] filing history, it now appears that there is a constant need, not a temporary one. This was further corroborated by [the company's] statement, "In this instance, the short term demand is its contractual obligations in the form of four separate, simultaneous *ongoing* construction projects."

ECF No. 108-7 at 69 (emphasis in original).

Further, USCIS explained that its adjudication of Ace Builders' 2018 H-2B petition was permissible under the rules of the H-2B visa program and that the agency had good reasons for departing from its prior course of adjudications:

> The totality of the record of evidence does not establish that [Ace Builders'] satisf[ies] 8 C.F.R. § 214.2(h)(6)(ii)(B). The temporary need must end in the near, definable future. As discussed, because [the company's] four current projects are ongoing and [the company has] an extensive filing history for similar construction services, there is no clear definable point at which [the company's] need for temporary employees will end.

*Id*. at 67. Finally, USCIS addressed facts and circumstances surrounding the company's previous petitions and the agency prior course of adjudication:

> [Ace Builders] has claimed since 2006 that the temporary additions to [its] staff would not become a part of [its] regular operation. Yet, many of the petitions [the company has] filed have been for extensions for the same workers. While each of these petitions may have been filed to use the beneficiaries' services in relation to various projects and contracts that have had definite beginning and end dates, it has become clear by reviewing [the company's] filing history as a whole, that during the time period between 2006 and 2016 [the company's] need for these services has been constant and not temporary. . . [Ace Builders'] filing history and [its] own statements regarding [its] need and [its] assertion that the beneficiaries of the instant petition would not become part of [the company's] regular operation is insufficient to meet [the company's] burden of proof.

*Id*. at 69.

Accordingly, in its denial of Ace Builders' 2018 H-2B petition, based on a totality of the evidence, USCIS provided sufficient acknowledgement of its previous approvals of Ace Builders' petitions from 2006 to 2016 and an adequate, reasoned explanation of "how and why the pattern of adjudication has changed." ECF No. 81 at 29. USCIS's decision, therefore, complies with both the PI Order, its regulations, and the standards required by the APA.

The R & R insists that USCIS failed to provide an adequate explanation because its denial of Ace Builders' 2018 H-2B petition used "the same reasoning as the prior adjudication . . . when that explanation has previously been rejected and determined to be inadequate by the Court and enjoined from continued use by the agency." ECF No. 126 at 10. The R & R's conclusion is erroneous because it misstates the language of the PI Order.

As articulated above, the PI Order did not enjoin USCIS from denying a class member's future-filed H-2B petition based on the failure to demonstrate "temporary need" *under any circumstance*. And, the Court indicated that it "expresses no opinion as to whether any petitions may meet any relevant eligibility criteria." ECF No. 81 at 33. Rather, the Court used specific language that placed the condition on any decision by USCIS to deny a class member's H-2B petition by making clear that "*in the absence of adequate acknowledgement of a prior course of adjudication and adequate explanation for departure from that course*," the agency is preliminary enjoined from denying any H-2B petition filed by a class member based on "the reasoning presented in its denials of the FY 2015 and FY 2016 petitions[.]" ECF No. 81 at 32-33 (emphasis added). In other words, after reviewing all of the evidence submitted, if USCIS found that a class member failed to demonstrate "temporary need" under 8 C.F.R. § 214.2(h)(6)(ii)(B), the agency was permitted, under the terms of the PI Order, to deny the petition on that ground as long as it adequately acknowledged its prior course of adjudication and adequately explained why it needed to depart from that course. The R & R's conclusion to the contrary is erroneous and should be rejected.

The R & R's conclusion is also erroneous under the APA principles of remanding an administrative action back to an agency. "Under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *N. Carolina Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 20 (D.C. Cir. 2008) (citing *PPG Indus. v. U.S.*, 52 F.3d 363, 365 (D.C. Cir. 1995)). The reviewing court "is not entitled to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 881 (D.C. Cir. 2000) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Further, a court should not deprive an agency "of its usual administrative avenue for explaining and reconciling the arguably contradictory rationales that sometimes appear in the course of lengthy and complex administrative decisions. *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007). Thus, after a court remands a matter back to the agency for further

action consistent with the corrected legal standards (as it did here), the agency is "free to exercise its discretion to reopen the administrative record, to engage in additional fact-finding, to supplement its explanation, and to reach the same or a different ultimate conclusion. *Doe v. United States Citizenship & Immigration Servs.*, 239 F. Supp. 3d 297, 309 (D.D.C. 2017). At a minimum, however, the new agency actions must include "reasoning that is consistent with the conclusions" in the court's order. *Id.*

Here, after the Court entered the PI Order, USCIS exercised its statutory authority to administer and enforce the H-2B visa program and adjudicated Ace Builders' 2018 H-2B petition "consistent with the conclusions" of the PI Order, and in accordance with the APA and the INA. *Doe*, 239 F. Supp. 3d at 309. After reviewing "[t]he totality of the record of evidence," ECF No. 108-7 at 67, USCIS reached the same conclusion as it did on the company's FY 2015 and FY 2016 H-2B petitions – that the company failed to demonstrate a "temporary need" – but this time, the agency provided a more explicit acknowledgement of its prior approvals and a more detailed and thorough explanation for departure from those determinations. *See Cal. Pub. Utilities Comm'n*, 879 F.3d at 977 (citing *Fox Television*, 556 U.S. at 515). The decision denying Ace Builders' 2018 H-2B petition, therefore, constituted "an adequate acknowledgement of and explanation for departure" from the agency's previous approvals of the plaintiffs' petitions, in compliance with the PI Order and the APA.

For these reasons, the R & R's findings are erroneous and should be rejected by the Court.

**C.  USCIS adjudicated class members' H-2B petitions in a manner consistent with both the PI Order and the agency longstanding policy on "temporariness" in the H-2B visa program established in 1982 by *Matter of Artee Corp*.**

The Government objects to the R & R's conclusion that USCIS has not complied with the PI Order because the agency did not adjudicate class members' H-2B petitions "in a manner consistent with both any longstanding practice and [the PI] Order." The opposite is true – USCIS *has* adjudicated class members' H-2B petitions in a manner consistent with both the PI

- 14 -

Order and the agency's longstanding policy on "temporariness" in the H-2B visa program first established in 1982 by *Matter of Artee Corp.*, 18 I. & N. Dec. 366, 367 (Comm. 1982).

From the outset of this litigation, the Government has maintained that USCIS's longstanding policy of interpreting "temporary need" in the H-2B program is derived from the *Artee Corp.* decision, which has governed the agency's adjudication of H-2B petitions filed by employers on Guam and in the rest of the United States.[5] *See, e.g.*, Gov't Opp. to Prelim. Inj., ECF No. 13 at 12-13; Gov't Mot. to Dismiss, ECF No. 31 at 5-6; Gov't Reply, ECF No. 47 at 4; Gov't Opp. to Mot. for Contempt, ECF No. 111 at 6.

The R & R disagreed with USCIS and instead found that the "longstanding practice" referenced in the PI Order meant the agency's prior approvals of class members' previously filed petitions. *See* ECF No. 126 at 11-12. Thus, according to the R & R, to be in compliance with the PI Order, USCIS needed to adjudicate Ace Builders' 2018 H-2B petition in a manner consistent with the company's petitions approved between 2006 to 2016 – which means that, *regardless of the evidence presented* to USCIS, the agency *cannot* under any circumstance make an adverse determination on whether the company established "temporary need" as required by the statutory and regulatory rules of the H-2B visa program. The Court must reject this finding because if adopted, as indicated above, it would result in an order from the Court for USCIS to take *ultra vires* action and provide immigration benefits (in the form of statutory and regulatory exemptions) to class members outside of the agency's authority and in violation of the agency's congressional mandate to administer, enforce, and comply with the INA.

---

[5] In 1982, *Artee Corp.* established that "[i]t is not the nature or the duties of the position which must be examined to determine the temporary need. It is the nature of the need for the duties to be performed which determines the temporariness of the position." *Id.* at 367. In 2008, the Department of Homeland Security ("DHS") amended the definition of "temporary services or labor" under the H-2B foreign worker program to make clear that "a job would be defined as temporary where the employer needs a worker to fill a specific need that will end in the near definable future." *See* Changes to Requirements Affecting H-2B Nonimmigrants and Their Employers, 73 Fed. Reg. 78104, 78118 (Dec. 19, 2008). In 2016, USCIS confirmed to the former Governor of Guam the agency's longstanding interpretation of "temporary need" in the H-2B program. *See* USCIS letter to former Governor Calvo, ECF No. 23-21. The letter states explicitly: "U.S. Citizenship and Immigration Services (USCIS) has not made any recent changes to policies for defining or interpreting temporary need in the adjudication of H-2B petitions." *Id.*

Moreover, the R & R's finding is inconsistent with settled APA principles. The Court is not permitted to "intrude upon the domain which Congress as exclusively entrusted" to USCIS, *see Orlando Ventura*, 537 U.S. at 16. By requiring USCIS to follow a specific course of adjudication (*i.e.*, exempt petitioners from statutorily-established eligibility requirements, or issue approvals of class members' H-2B petitions) the Court would be intruding upon USCIS's congressionally-mandated exclusive authority to administer and enforce the H-2B visa program in accordance with the INA. The Court, therefore, should reject the R & R's findings.

### D.  USCIS's adjudication of NDAA H-2B petitions is not evidence of purported noncompliance with the Court's PI Order.

The Government objects to the R & R's finding that USCIS's adjudication and processing of NDAA H-2B petitions is evidence of purported noncompliance with the Court's PI Order. NDAA H-2B petitions are not part of this litigation and qualifying petitioners with NDAA H-2B petitions are not part of the class certified by the Court. *See* ECF Nos. 92, 97.

USCIS's adjudication of H-2B petitions filed under the John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L. No. 115-232, 132 Stat. 1636. (2018) (the "NDAA FY 19") is not evidence that supports Plaintiffs' motion for contempt. The agency's adjudication and processing of these H-2B petitions is outside the scope of the Court's PI Order. Plaintiffs assert that a comparison of the number of approvals of NDAA H-2B petitions and non-NDAA H-2B petitions "is clear evidence that Defendants have not taken every reasonable step to assure compliance with the injunction," because "if Defendants were complying with the Court's injunction, one would expect similar levels of approval and adjudication for both NDAA petitions and non-NDAA petitions." ECF No. 108 at 8, 9. Plaintiffs' reasoning is flawed and demonstrates their fundamental misunderstanding of the scope of the Court's PI Order.

NDAA H-2B petitions are not part of this litigation and petitioners who have H-2B petitions that fall under the NDAA are not part of the class as they do not need the class-wide preliminary relief ordered by the Court. *See* ECF Nos. 81, 92 and 97. The reason is plain – unlike all other H-2B petitions, NDAA petitions are statutorily exempt from demonstrating "temporary need" under H-2B program rules. *See* NDAA FY 19, Sec. 1045(a)(1)(B) (exempting

petitions filed on behalf of H-2B workers performing services or labor that are directly connected to, or associated with, the military realignment in Guam or CNMI and certain health care workers in Guam and CNMI that are filed before December 31, 2023 from demonstrating temporary need for a period of up to 3 years). Accordingly, USCIS's adjudication of NDAA H-2B petitions is not subject to the conditions outlined in the Court's PI Order (*e.g.*, adjudication "in manner consistent with both longstanding practice and [the Court's] Order."). *See* ECF No. 81 at 33.

Plaintiffs' assertion regarding an expectation of "similar levels of approval" between non-NDAA H-2B petitions and NDAA H-2B petitions suggests that Plaintiffs believe that the Court's PI Order relieves them from their burden under 8 U.S.C. § 1361 to demonstrate eligibility for H-2B petition approval – including the mandatory requirement of demonstrating "temporary need" under 8 C.F.R. § 214.2(h)(6)(ii)(B). But that is not the case. Class member employers filing non-NDAA H-2B petitions must satisfy each statutory and regulatory requirement necessary for H-2B petition approval, while non-class member employers filing NDAA H-2B petitions are statutorily exempt from having to demonstrate "temporary need." Nothing in the PI Order says differently. *See* ECF No. 81.

Plaintiffs complain of an instance where a class member employer, 5M Construction Corporation, filed "two sets of petitions" – the first being NDAA H-2B petitions, and the second being non-NDAA H-2B petitions – at "nearly the same time" which "received drastically different adjudications." ECF No. 108 at 9. Plaintiffs assert that the company's "NDAA petitions were approved without the issuance of any RFEs, and its non-NDAA petitions were issued extensive RFEs." *Id*. Plaintiffs concede, however, that the RFEs issued by USCIS with respect to the non-NDAA petitions sought additional evidence of eligibility "focus[ing] in large part on the petitioners' ability to demonstrate temporary need as either peakload or one-time occurrence." ECF No. 108 at 5. But if the company failed to provide adequate evidence with its petitions demonstrating "temporary need" under 8 C.F.R. §214.2(h)(6)(ii)(B), the outcome is somewhat predictable – for the non-NDAA petitions, USCIS would likely issue an RFE requesting additional evidence demonstrating the employer's temporary need (and giving the

employer an additional opportunity to demonstrate eligibility for approval), and for the NDAA petitions, adjudicate them on the record in accordance with the NDAA and all other applicable H-2B program rules. Plaintiffs' complaint regarding USCIS's adjudications of 5M Construction's "two sets of petitions," therefore, lacks merit.

Also lacking merit is Plaintiffs' allegation that 5M Construction has suffered some type of hardship attributed to USCIS regarding the company's decision to file non-NDAA H-2B petitions, withdraw them, and then re-file the same H-2B petitions under the NDAA exception. *See* ECF No. 9. This allegation is baseless, as the decision to engage in such a filing sequence cannot be attributed to USCIS and is instead borne solely by the company. It is a petitioner-employer's business prerogative to file H-2B petitions under the NDAA exemption or in the normal course, but in either case the burden to demonstrate eligibility for the immigration benefit sought (*i.e.*, that a petition is eligible for the NDAA exemption) falls squarely on the petitioner-employer. 8 U.S.C. §1361.

For these reasons, the Government objects to the R & R's finding that USCIS's adjudication and processing of NDAA H-2B petitions is evidence of purported noncompliance with the Court's PI Order. The agency's actions regarding NDAA H-2B petitions is not evidence that supports Plaintiffs' motion for contempt.

### E. Plaintiffs did not satisfy the "clear and convincing" standard necessary for a finding of civil contempt.

The Government objects to the R & R's conclusion that "there appears to be clear and convincing evidence that Defendants have failed to fully comply with this [C]ourt's injunction." ECF No. 126 at 12. For all of the reasons indicated above, Plaintiffs have not presented evidence that satisfies the "clear and convincing" standard necessary for a finding of civil contempt. The Court should reject the R & R's findings in their entirety.

The standard for a finding of civil contempt against USCIS has not been met. *See Reno Air Racing*, 452 F.3d at 1130. USCIS has not disobeyed the Court's PI Order, and the agency has taken all reasonable steps within its power to comply. *Id*. Moreover, USCIS's decision denying Ace Builders' 2018 H-2B petition does not amount to "clear and convincing" evidence

that "instantly tilt[s] the evidentiary scales in the affirmative" in favor of a finding of contempt when weighed against the evidence presented by the Government in opposition. *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984). Plaintiffs have failed to meet their burden to demonstrate that civil contempt against the agency is warranted. The R & R's findings to the contrary are erroneous.

As articulated above, USCIS did not disobey the Court's PI Order because the order did not enjoin USCIS from denying a class member's subsequently filed H-2B petition for failure to demonstrate "temporary need" *under any circumstance*. Nor did the PI Order relieve any class member from its burden under 8 U.S.C. § 1361 to demonstrate satisfaction of each statutory and regulatory requirement necessary for H-2B petition approval, including demonstrating "temporary need." *See* ECF No. 81 at 20-29, 32-33. Instead, in accordance with the APA, the PI Order enjoined USCIS from denying any class member's H-2B petition on the same basis as the denials issued for the FY 2015 and FY 2016 (in most cases, based on failure to demonstrate "temporary need"), *unless* the agency acknowledged its prior adjudication of the class member's previously-filed petitions and adequately explains its departure from those determinations. *Id*.

After reviewing the evidence presented by Ace Builders for its 2018 H-2B petition, including the additional evidence submitted in response to an RFE, USCIS found it necessary to deny the company's petition because it failed to meet its burden and demonstrate a "temporary need" for the requested H-2B workers as required by 8 C.F.R. § 214.2(h)(6)(ii)(B). In accordance with the Court's PI Order, the denial decision acknowledges USCIS' past approval of Ace Builders' previously filed H-2B petitions and provides an adequate explanation for why the recent denial decision may appear to depart from the agency's prior course of adjudication. Further, the decision provides a reasoned explanation why the totality of the evidence Ace Builders submitted failed to satisfy the eligibility requirements necessary for H-2B petition approval, including additional analysis why USCIS could not approve the company's petition under the alternate categories of "temporary need." USCIS's decision, therefore, complies with both the Court's PI Order and the APA. The agency did not disobey the Court.

Moreover, USCIS has taken all reasonable steps within its power to comply with the PI Order. The Ninth Circuit has held that a party will be found to have failed to take "every reasonable step" to comply with a court's order when there was "little conscientious effort" on its part to comply. *Stone v. City and County of San Francisco*, 968 F.2d 850, 857 (9th Cir. 1992) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976)). That is simply not the case here because the opposite is true.

For instance, within 10 days of the Court issuing the PI Order, the Government sought clarification from the Court "in order to ensure [its] compliance" with the order. *See* ECF No. 82. Additionally, while adjudicating some class members' H-2B petitions, USCIS took the administrative step of issuing a request for additional evidence ("RFEs") that identified the deficiencies in the filings (an initial determination that evidence was lacking to establish "temporary need") and giving the companies an opportunity to provide additional evidence to try and overcome the deficiencies. *See, e.g.,* ECF No. 108-4 (RFE issued to Ace Builders May 7, 2018). Further, in the denial decision, USCIS provided an opening statement that referenced the Court's PI Order and indicated that the decision included an explanation "for this denial that may appear to depart from a prior course of adjudication, in this case, [the company's] prior approvals for H-2B workers from September 2006 to February 2016." *See* ECF No. 108-7 at 65.

Accordingly, USCIS did not disobey the Court's PI Order. And, instead of making "little conscientious effort" to comply with the PI Order, *Stone*, 968 F.2d at 857, USCIS has taken "all reasonable steps within [its] power to comply[.]" *Reno Air Racing*, 452 F.3d at 1130. On these bases, the R & R's conclusion that Plaintiffs have met the "clear and convincing" standard necessary for a finding of civil contempt is erroneous and warrants rejection by the Court in its entirety.

### F. Plaintiffs are not entitled to any sanctions.

The Government objects to the R & R's conclusions that the sanctions requested by Plaintiffs "are appropriate for the [C]ourt's consideration," and that "Plaintiffs are entitled to appropriate sanctions." ECF No. 126 at 12, 13. For the reasons articulated above, Plaintiffs have not satisfied the clear and convincing" necessary for a finding of civil contempt against

USCIS and the Court should not reach the issue of Plaintiffs' request for sanctions. The Government objects to Plaintiffs' request for sanctions in its entirety and responds to them below. As the R & R did not specifically address the parties' previous arguments on the issue, the Government responds to Plaintiffs' assertions presented in their motion for contempt, ECF No. 108.

Plaintiffs provide no binding or persuasive authority[6] for their assertion that "compensatory sanctions are appropriate" against USCIS, specifically their request that the agency compensate them for "substantial monetary losses." ECF No. 108 at 10. The Court must reject Plaintiffs' request outright because there has been no express waiver of sovereign immunity here that would permit monetary sanctions against the United States. It is established law that absent an express waiver of sovereign immunity, money awards cannot be imposed against the United States. *See United States v. Mitchell,* 463 U.S. 206, 212, (1983); *Block v. North Dakota,* 461 U.S. 273, 280 (1983); *Barry v. Bowen,* 884 F.2d 442, 443–44 (9th Cir. 1989) (holding that the district court's award of monetary sanctions for contempt violated the sovereign immunity of the United States, but also reversing on other grounds).[7]

Here, Plaintiffs cannot plausibly argue that there has been an express waiver of sovereign immunity such that if there was a finding of civil contempt against USCIS, it would enable the

_____

[6] Plaintiffs cite two cases for the general proposition that after court enters an order finding civil contempt, the court can impose sanctions against a party, *see* ECF No. 108 at 10, 11 (citing *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) and *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947)).

[7] In the criminal case *United States v. Woodley*, the Ninth Circuit cited *Block*, 461 U.S. at 287, and found that a court may impose money awards against the United States only under an express waiver of sovereign immunity. *See* 9 F.3d 774, 781 (9th Cir. 1993). The court also found, however, that a court could impose monetary sanctions against the United States without implicating sovereign immunity to "remedy a violation of recognized statutory, procedural, or constitutional rights" under the court's exercise of supervisory powers. *Id*. at 782. Nevertheless, the court reversed the district court's finding of monetary sanctions against the United States because no statutory, procedural, or constitutional right was violated. *Id*. The same applies to the instant civil action – there has been no violation of any recognized statutory, procedural, or constitutional right by the agency.

Court to award compensatory sanctions in any amount.[8]  The Court, therefore, must reject Plaintiffs' request.  *Id.*

Likewise, the Court should reject Plaintiffs' request for overreaching coercive sanctions.  ECF No. 108 at 13-14.  Plaintiffs, again citing no applicable basis in law, effectively ask this Court to fast track this entire civil matter *via* their motion for contempt and grant them all of the relief they have been seeking from the outset of the case.  Plaintiffs fail to acknowledge, however, that their request directly contradicts the express language of the PI Order.

The Court made clear that it "expresses no opinion as to whether any petitions may meet any relevant eligibility criteria."  ECF No. 81 at 33.  Despite this, Plaintiffs ask the Court to impose sanctions against USCIS in the form of a court order finding that Plaintiffs' H-2B petitions meet all relevant eligibility criteria for approval.  *See* ECF No. 108 at 13 (requesting an order that finds that Plaintiffs has established temporary need under 8 C.F.R. § 214.2(h)(6)(ii)(B) "up to and through summary judgment.").  The Court must reject this request.

Moreover, Plaintiffs, through their request for sanctions, ask this Court to administer provisions of the INA.  Respectfully, the Court is not permitted to do this.  *See, e.g., INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (indicating that when Congress entrusts an agency to make the decision in question, "a judicial judgment cannot be made to do service for an administrative judgment," and that a court is not permitted to "intrude upon the domain which Congress has exclusively entrusted to an administrative agency" (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943))).  Instead, Congress has expressly bestowed upon the Secretary of Homeland Security this broad statutory authority, *see* 8 U.S.C. §§ 1103(a)(1), (3), and charged DHS (and its sub-agency USCIS) with the specific authority to determine the conditions for

---

[8] The Government notes Plaintiffs' lack of understanding of how USCIS's premium processing service works, 8 C.F.R. § 103.7(e).  *See* ECF No. 108 at 11 (proposing that the Court in a potential compensatory sanction against USCIS, award each class member with a refund of its $1225.00 premium processing fee because "the petitions were not adjudicated in the 15-day time frame.").  USCIS regulations make clear that the agency will issue either "an approval notice, denial notice, a notice of intent to deny, or a request for evidence," within 15 calendar days.  8 C.F.R. § 103.7(e)(2)(i).  USCIS complied with this requirement.  *See, e.g.*, ECF No. 108-4 (indicating that the agency issued Ace Builders an RFE 14 calendar days after it filed its H-2B petition).

admitting nonimmigrant foreign workers to the United States. *See* 8 U.S.C. §§ 1184(a)(1), (c)(1). This congressional authority encompasses making a determination under H-2B program rules whether an employer petitioner has satisfied eligibility requirements for approval, including whether the issuance of an RFE is appropriate, *see* 8 C.F.R. § 103.2(b)(8), or whether the petitioner has adequately demonstrated "temporary need." *See* 8 U.S.C. § 1101(a)(15(H)(ii)(b), 8 C.F.R. § 214.2(h)(6)(ii)(B). Under the APA, 5 U.S.C. § 701, *et seq.*, this Court can only determine whether USCIS's decision on an employer's H-2B petition is arbitrary, capricious, or otherwise contrary to law. And if that is the case, under long established APA principles, the proper course is for the Court to remand the matter back to the agency for additional investigation or explanation consistent with the Court's finding. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Plaintiffs' assertion for overreaching coercive sanctions, therefore, warrants rejection in their entirety by the Court.

## CONCLUSION

For these reasons, the Government objects to the R & R's findings and conclusions in their entirety. USCIS's actions on class members' H-2B petition complies with both the Court's PI Order and the APA. Moreover, Plaintiffs have failed to satisfy the "clear and convincing" standard necessary for a finding of civil contempt against USCIS. Accordingly, the Court should reject the R & R in whole and deny Plaintiffs' requests for sanctions against USCIS in their entirety.

Dated: July 23, 2019

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Senior Litigation Counsel

Respectfully submitted

By: *s/ Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4807
Fax: (202) 305-7000
Email: glenn.girdharry@usdoj.gov

- 23 -

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, I electronically filed the foregoing DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and a hyperlink to this document to Plaintiffs' attorneys of record:

Jeffrey Joseph
12203 East Second Ave.
Aurora, CO 80011
303-297-9171
Fax: 303-733-4188
Email: jeff@immigrationissues.com

Jennifer C. Davis
Davis & Davis, P.C.
PO Box 326686
Hagatna, GU 96932
671-649-1997
Fax: 671-649-1995
Email: atty@davisdavis-law.com

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on July 23, 2019, at Washington, DC.

By: *s/Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division