JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
AARON S. GOLDSMITH
Senior Litigation Counsel
GLENN M. GIRDHARRY
Assistant Director
    United States Department of Justice
    Civil Division
    Office of Immigration Litigation
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 532-4807
    Facsimile: (202) 305-7000
    Email: glenn.girdharry@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| GUAM CONTRACTORS ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR,<br>Attorney General of the United States, *et al.*,<br><br>    Defendants. | Civil No. 16-00075<br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ECF NO. 126<br><br>ORAL ARGUMENT REQUESTED |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

RESPONSE TO PLAINTIFFS' OBJECTION TO ORAL ARGUMENT ...............................1

ARGUMENT ........................................................................................................................2

A. The PI Order does not exempt class members from having to demonstrate "temporary need" under the H-2B program rules ........................................................2

B. USCIS's explanation for its departure from a previous course of adjudication on class members' subsequently filed H-2B petitions is adequate because it complies with the PI Order, the APA, and Supreme Court precedent ..................................................4

C. USCIS complied with the PI Order by adjudicating class members' H-2B petitions based on the agency's longstanding policy on "temporariness" in the H-2B visa program established in 1982 by *Matter of Artee Corp.* ........................................................7

D. Plaintiffs mischaracterize the Government's argument regarding sanctions ........................8

CONCLUSION ....................................................................................................................9

CERTIFICATE OF SERVICE ...........................................................................................11

# TABLE OF AUTHORITIES

## CASE LAW

*Air Separation, Inc. v. Underwriters at Lloyd's of London,*
  45 F.3d 288 (9th Cir. 1995) .................................................................................... 8

*Barry v. Bowen,*
  884 F.2d 442 (9th Cir. 1989) ............................................................................. 8, 9

*Block v. North Dakota,*
  461 U.S. 273 (1983) ................................................................................................ 8

*Clark v. United Emergency Animal Clinic, Inc.,*
  390 F.3d 1124 (9th Cir. 2004) ................................................................................ 3

*Colorado v. New Mexico,*
  467 U.S. 310 (1984) ................................................................................................ 8

*Encino Motorcars, LLC v. Navarro,*
  136 S. Ct. 2117 (2016) .................................................................................. 4, 6, 7

*F.C.C. v. Fox Television Stations, Inc.,*
  556 U.S. 502 (2009) ........................................................................................ 4, 6, 7

*FTC v. Affordable Media,*
  179 F.3d 1228 (9th Cir. 1999) ................................................................................ 8

*INS v. Orlando Ventura,*
  537 U.S. 12 (2002) .................................................................................................. 9

*Reno Air Racing Ass'n, Inc. v. McCord,*
  452 F.3d 1126 (9th Cir. 2006) ................................................................................ 8

*SEC v. Chenery Corp.,*
  318 U.S. 80 (1943) .................................................................................................. 9

*United States v. Mitchell,*
  463 U.S. 206, (1983) ............................................................................................... 8

*United States v. Woodley*
  9 F.3d 774 (9th Cir. 1993) ...................................................................................... 9

**ADMINISTRATIVE DECISIONS**

*Matter of Artee Corp.*,
 18 I. & N. Dec. 366 .................................................................................................... 6

**FEDERAL STATUTES**

5 U.S.C. § 555(e) ............................................................................................................. 4

8 U.S.C. § 1361 ............................................................................................................... 2

**FEDERAL REGULATIONS**

8 C.F.R. § 214.2(h)(6)(ii)(B) ....................................................................................... 2, 5

**PUBLIC LAW**

Pub. L. No. 115-91 .......................................................................................................... 3

Pub. L. No. 115-232 .................................................................................................... 2, 3

# INTRODUCTION

Defendants (or "the Government") provide this reply brief in support of its Objections to the Magistrate Judge's Report and Recommendation ("R & R"). As previously articulated, *see* ECF No. 132, the Government objects to the R & R in its entirety because the R & R erroneously concludes that United States Citizenship and Immigration Services ("USCIS") failed to comply with the Court's Preliminary Injunction Order, ECF No. 81 ("PI Order"), and that Plaintiffs are entitled to sanctions. Plaintiffs' response brief, ECF No. 133, provides no persuasive arguments or authority that supports the findings and conclusions made in the R & R.

On its face, the PI Order does not enjoin USCIS from making an eligibility determination on whether a class member employer has satisfied the "temporary need" requirement for an H-2B visa petition. Rather, the PI Order specified that USCIS could not rely on the reasoning presented in its denials of class members' FY 2015 and FY 2016 petitions "*in the absence of* adequate acknowledgement of a prior course of adjudication and adequate explanation for departure from that course." ECF No. 81 at 32-33 (emphasis added). USCIS's decisions on class members' H-2B visa petitions, *see, e.g.*, ECF No. 108-4, comply with this language in the PI Order, and with the Administrative Procedure Act ("APA").

Plaintiffs have failed to satisfy the clear and convincing standard necessary for a finding of civil contempt against the agency. Because of this, the Government respectfully requests that the Court reject the R & R's findings and conclusions in their entirety, deny Plaintiffs' motion for contempt, and reject Plaintiffs' request for sanctions.

## RESPONSE TO PLAINTIFFS' OBJECTION TO ORAL ARGUMENT

Plaintiffs assert that oral argument is not necessary because "there is nothing new to present to the Court," and it would "be only minimally useful for the Court in deciding" whether to adopt the findings in the R &R. *See* ECF No. 133 at 3. The Government disagrees. The Court will benefit from oral argument so that the parties can respond to any questions that the Court may pose, in addition to providing any necessary clarification of arguments presented in the briefing. Moreover, because of the gravity of the findings in the R & R against USCIS, the

Government requests the opportunity to be heard with respect to its objections to the R & R's findings and conclusions.

Further, the Court should reject Plaintiffs' request that "reimbursement for any actual legal expenses and costs for oral argument be considered in any sanctions ordered." ECF No. 133 at 4. Plaintiffs will not incur costs related to a hearing if, under CVLR 7(l), they participate via telephone, or have their local counsel (who has represented them from the outset of this litigation) appear for argument.

If the Court orders oral argument in this matter, the Government proposes that similar to previous scheduling of argument in this case, the Court issue an order requesting the parties submit three or four mutually agreeable dates for a hearing. *See, e.g.*, ECF Nos. 70, 121.

## ARGUMENT

### A. The PI Order does not exempt class members from having to demonstrate "temporary need" under the H-2B program rules.

By asserting that "Defendants were specifically enjoined from using temporary need as a basis for denial[,]" *see* ECF No. 133 at 7, Plaintiffs are claiming the PI Order exempts class members from satisfying their burden under 8 U.S.C. § 1361 to demonstrate "temporary need" in the H-2B temporary worker program under 8 C.F.R. § 214.2(h)(6)(ii)(B). Plaintiffs (and the R & R) are incorrect because the PI Order does not provide Plaintiffs with any such H-2B eligibility exemption. Congress reserved that specific statutory exemption *exclusively* for those who are qualifying H-2B employer-petitioners on Guam that are involved with contracts directly connected to, or associated with, the military realignment. *See* the John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L. No. 115-232, 132 Stat. 1636. (2018) (the "NDAA FY 19"). The class defined by the Court does not include employer-petitioners on Guam covered by the NDAA.[1]

The PI Order does not enjoin USCIS from exercising its congressionally mandated authority to administer the H-2B program and make an eligibility determination on whether a class member employer has satisfied the "temporary need" requirement under any circumstance,

---

[1] The NDAA also exempts certain health care workers on Guam and in the CNMI from demonstrating "temporary need." *See* Pub. L. No. 115-232, 132 Stat. 1636. (2018).

- 2 -

regardless of the evidence that the class member employer submits to the agency with its H-2B visa petition. To the contrary, the PI Order specified that USCIS could not rely on the reasoning presented in its denials of the FY 2015 and FY 2016 petitions "*in the absence of* adequate acknowledgement of a prior course of adjudication and adequate explanation for departure from that course." ECF No. 81 at 32-33 (emphasis added). Put another way, class members must demonstrate satisfaction of each statutory and regulatory requirement necessary for H-2B petition approval, and if USCIS determines that a class member has failed to demonstrate eligibility for approval under the required showing of temporary need, 8 C.F.R. § 214.2(h)(6)(ii)(B), the agency could deny the petition on that basis as long as it acknowledged that it had approved the class member's previously-filed petitions and adequately explained why it was departing from those prior determinations and denying the current petition.

Any other reading of the PI Order would be at odds with the explicit statutory language. By adopting the findings in the R & R and Plaintiffs' position, the Court would be providing class members with immigration benefits in the form of statutory exemptions that Congress never intended for them to have. Congress enacted the NDAA for Fiscal Year 2018, *see* Pub. L. No. 115-91, § 1806, 131 Stat. 1283 (2017), and then renewed it again for Fiscal Year 2019, *see* Pub. L. No. 115-232, 132 Stat. 1636. (2018), and on both occasions explicitly excluded class members from the "temporary need" exemption, intending the exemption to apply only to qualifying H-2B employers directly related to the military alignment. *See id*. Congress, therefore, did not intend to exempt any class members – who are H-2B employer-petitioners on Guam *that are not directly related to the military alignment* – from demonstrating "temporary need" under H-2B program rules. *Cf. Clark v. United Emergency Animal Clinic, Inc.*, 390 F.3d 1124, 1128 (9th Cir. 2004) (the doctrine of *expressio unius est exclusio alterios*, or the expression of one is the exclusion of the other, applies only when "items not mentioned were excluded by deliberate choice, not inadvertence").

Accordingly, the PI Order does not exempt class members – who fall outside of the NDAA – from having to demonstrate "temporary need" under the H-2B program rules.

### B. USCIS's explanation for its departure from a previous course of adjudication on class members' subsequently filed H-2B petitions is adequate because it complies with the PI Order, the APA, and Supreme Court precedent.

Plaintiffs assert that "Defendants failed to give [an adequate] explanation" and "failed even to acknowledge a departure from its prior pattern of adjudications." *See* ECF No. 133 at 10. But a review of the agency's decision denying Ace Builders' 2018 H-2B petition, *see* ECF No. 108-4, will confirm otherwise. As the Government indicated in its Objections, *see* ECF No. 132 at 15-20, USCIS provided adequate acknowledgement of its past approvals of class members' petitions and a reasoned explanation of the reasons why the agency departed from those prior determinations. USCIS's decisions on class members' H-2B petitions comport with the PI Order, the APA, and Supreme Court precedent.[2]

The Supreme Court has acknowledged that an agency is free to change its adjudications policy as long as it provides a reasoned explanation for the change. *See Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016). In its explanation, however, the agency must also be cognizant that longstanding policies may have "engendered serious reliance interests that must be taken into account." *Id.* at 2126. And, in such cases "it is not that further justification is demanded by the mere fact of policy change; but that a reasoned explanation is needed for disregarding facts and circumstances that underlay or were engendered by the prior policy." *Id.* (citing *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515-16 (2009)). Contrary to Plaintiffs' assertions, and the findings in the R & R, USCIS complied with this standard.

In denying Ace Builders' 2018 H-2B petition for failing to demonstrate temporary "peak load" need, in accordance with *Encino Motorcars* and *Fox Television*, USCIS acknowledged that Ace Builders had "prior approvals for H-2B workers from September 2006 to February 2016[,]" ECF No. 108-7 at 65, that USCIS had approved the company's petitions "for H-2B workers from September 2006 to February 2016[,]" *id.* at 67, that the company had "filed close to 100 H-2B petitions since 2006, many of which have been approved[,]" *id.* at 69, and that USCIS had

---

[2] The PI Order explicitly indicated that the Court "takes no position" as to "what, if anything, might constitute an adequate acknowledgement of and explanation for departure." ECF No. 81 at 29. Further, under the APA, 5 U.S.C. § 555(e), an agency must provide "notice" of the denial of a benefits applications which must be "accompanied by a brief statement of the grounds for denial."

- 4 -

approved the company's H-2B petitions "from 2006 to 2016 based on [the company's] assertions that [it had] a peakload need, and accordingly, the temporary additions to [the company's] staff would not become part of [the company's] regular operation." *Id*.

Additionally, and again in accordance with *Encino Motorcars* and *Fox Television*, USCIS provided a detailed and reasoned explanation for the agency's departure from its previous pattern of adjudication of class members' H-2B petitions by explaining that:

> Based on USCIS records, [Ace Builders'] regularly and frequently petitioned for general construction services. Filings as early as September 2006 to February 2016 as well as nine (9) separate petitions being filed for 2018 in which [the company] petitioned for H-2B workers were discovered for completion of projects and to ultimately fulfill contract obligations. [The company was] approved for H-2B workers from September 2006 to February 2016. It appears that [the company] continuously employed H-2B workers year round, claiming either a one-time occurrence or peakload need, for ten years. In light of this filing history, after nearly ten years it no longer appears that [the company's] claimed need is truly temporary. Specifically, to establish that [the company] need[s] workers for a one time occurrence, [the company] must demonstrate that [it has] not employed workers to perform the services or labor in the past and that it will not need workers to perform the services or labor in the future. Although [the company was] approved for several years based on [its] assertions that [it has] a peak load need, after careful review of [the company's] filing history, it now appears that there is a constant need, not a temporary one. This was further corroborated by [the company's] statement, "In this instance, the short term demand is its contractual obligations in the form of four separate, simultaneous *ongoing* construction projects."

ECF No. 108-7 at 69 (emphasis in original).

Further, USCIS explained that its adjudication of Ace Builders' 2018 H-2B petition was permissible under the rules of the H-2B visa program and that the agency had good reasons for departing from its prior course of adjudications:

> The totality of the record of evidence does not establish that [Ace Builders'] satisf[ies] 8 C.F.R. § 214.2(h)(6)(ii)(B). The temporary need must end in the near, definable future. As discussed, because [the company's] four current projects are ongoing and [the company has] an extensive filing history for similar construction services, there is no clear definable point at which [the company's] need for temporary employees will end.

*Id*. at 67. Finally, USCIS addressed facts and circumstances surrounding the company's previous petitions and the agency prior course of adjudication:

> [Ace Builders] has claimed since 2006 that the temporary additions to [its] staff would not become a part of [its] regular operation. Yet, many of the petitions [the company has] filed have been for extensions for the same workers. While each of these petitions may have been filed to use the beneficiaries' services in relation to various projects and contracts that have had definite beginning and end dates, it has become clear by reviewing [the company's] filing history as a whole, that during the time period between 2006 and 2016 [the company's] need for these services has been constant and not temporary. . . [Ace Builders'] filing history and [its] own statements regarding [its] need and [its] assertion that the beneficiaries of the instant petition would not become part of [the company's] regular operation is insufficient to meet [the company's] burden of proof.

*Id.* at 69.

Plaintiffs assert that this detailed, reasoned explanation amounts to a "historical recounting of a class members' [sic] previous petitions" that "fail[s] to appreciate the 'implications, ramifications, and reach of the Court's PI Order.'" ECF No. 133 at 10 (citing ECF No. 126 at 13). This is not the case. Plaintiffs (and the R & R) provide *no authority* that USCIS's acknowledgement of its previous adjudications, and detailed and reasoned explanation for its departure from those previous adjudications as indicated above – for which the Court indicated it "takes no position" as to "what, if anything, might constitute an adequate acknowledgement of and explanation for departure," ECF No. 81 at 29 – fails to comply with the APA or the Supreme Court's decisions in *Encino Motorcars* or *Fox Television*. Plaintiffs' assertion, therefore, amounts to nothing more than their misunderstanding of the Court's PI Order and dissatisfaction with the agency's evaluation of the totality of the evidence they provided with their 2018 H-2B petitions.

Based on a totality of the evidence presented to USCIS, the agency provided sufficient acknowledgement of its previous approvals of Ace Builders' petitions from 2006 to 2016 and an adequate, reasoned explanation of "how and why the pattern of adjudication has changed." ECF No. 81 at 29. The detailed decision also demonstrates that the agency was "cognizant" and "[took] into account" that its previous adjudications "may have engendered serious reliance interests[.]" *Encino Motorcars*, 136 S. Ct. at 2126 (citation omitted). USCIS, therefore, provided adequate acknowledgement of its past approvals of class members' petitions and a reasoned explanation of the reasons why the agency departed from those prior determinations

- 6 -

that comports with the PI Order, the APA and the Supreme Court's decisions in *Encino Motorcars* and *Fox Television*.

### C. USCIS complied with the PI Order by adjudicating class members' H-2B petitions based on the agency's longstanding policy on "temporariness" in the H-2B visa program established in 1982 by *Matter of Artee Corp*.

As previously indicated, the Government has maintained throughout this litigation that USCIS's longstanding policy of interpreting "temporary need" in the H-2B program is derived from *Matter of Artee Corp.*, 18 I. & N. Dec. 366, 367 (Comm. 1982), which has governed the agency's adjudication of H-2B petitions filed by employers on Guam and in the rest of the United States. *See, e.g.*, Gov't Opp. to Prelim. Inj., ECF No. 13 at 12-13; Gov't Mot. to Dismiss, ECF No. 31 at 5-6; Gov't Reply, ECF No. 47 at 4; Gov't Opp. to Mot. for Contempt, ECF No. 111 at 6. In accordance with *Artee Corp.*, USCIS determined that after several years of approving Plaintiffs' requests for H-2B workers, Plaintiffs' need had become more permanent than temporary because of their successive requests for H-2B temporary workers year round, for the same positions for several consecutive years. Moreover, the agency has conceded that it should have begun denying these H-2B petitions earlier than it did.

Plaintiffs are incorrect that the "longstanding practice" referenced in the PI Order means USCIS's prior approvals of class members' previously filed petitions. *See* ECF No. 133 at 7. Because if it did, that would mean that regardless of the evidence a class member to USCIS presented with its H-2B petition, in order to be in compliance with the PI Order, USCIS cannot under any circumstance make an adverse determination on whether the company established "temporary need" as required by the statutory and regulatory rules of the H-2B visa program. Such an order from the Court would require USCIS to take *ultra vires* action and provide immigration benefits (in the form of a statutory and regulatory exemption) to class members that Congress did not intend for them to have. This would be outside of USCIS's authority and in violation of the agency's congressional mandate to administer, enforce, and comply with the Immigration and Nationality Act ("INA").

### D. Plaintiffs mischaracterize the Government's argument regarding sanctions.

The Government has never argued that this Court lacks the authority to issue sanctions. To the contrary, the Government acknowledges that the Court has the inherent discretionary authority to impose sanctions on a party in the appropriate situation. *Air Separation, Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 291 (9th Cir. 1995). The Government's argument is that this is not the appropriate situation because the Court should not even reach the issue of Plaintiffs' request for sanctions. *See* ECF No. 132 at 26-27. This is because Plaintiffs have not satisfied the "clear and convincing" standard necessary for a finding of civil contempt against USCIS, *see FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

The standard for a finding of civil contempt against USCIS has not been met in this case because USCIS has not disobeyed the Court's PI Order, and the agency has taken all reasonable steps within its power to comply. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). Moreover, USCIS's decision denying Ace Builders' 2018 H-2B petition does not amount to "clear and convincing" evidence that "instantly tilt[s] the evidentiary scales in the affirmative" in favor of a finding of contempt when weighed against the evidence presented by the Government in opposition. *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984).

Further, Plaintiffs' specific sanctions requests are inappropriate. Plaintiffs mischaracterize the Government's argument regarding sanctions and assert that the Government claims that "sovereign immunity bars" the Court's imposition of any sanctions. *See* ECF No. 133 at 13. Again, that is not the Government's argument. Plaintiffs are requesting that the Court specifically order USCIS to compensate them monetarily, including ordering the agency to refund the visa petition fees – which are fees that every H-2B employer-petitioner in the United States must pay the agency for processing regardless of the outcome of the petition. However, it is established law that absent an express waiver of sovereign immunity, money awards cannot be imposed against the United States. *See United States v. Mitchell,* 463 U.S. 206, 212, (1983); *Block v. North Dakota,* 461 U.S. 273, 280 (1983); *Barry v. Bowen,* 884 F.2d 442, 443–44 (9th Cir. 1989) (holding that the district court's award of monetary sanctions for contempt violated

the sovereign immunity of the United States, but also reversing on other grounds).[3] Plaintiffs disregarded this authority on the issue. *See* ECF No. 133 at 13-14. However, because there has been no express waiver of sovereign immunity, Plaintiffs' request for sanctions in the form of monetary compensation must be rejected. *Bowen*, 884 F.2d at 443-44.

The Court should also reject Plaintiffs' request for coercive sanctions because Plaintiffs are effectively asking this Court to exempt them from all statutory and regulatory eligibility requirements related to establishing a temporary need and approve their H-2B petitions. This requested sanction directly contradicts the express language of the PI Order that the Court "expresses no opinion as to whether any petitions may meet any relevant eligibility criteria." ECF No. 81 at 33. Plaintiffs claim that they are not asking this Court to administer the H-2B provisions of the INA, *see* ECF No. 133 at 8, but that is precisely the function that they are requesting the Court perform. As the Government has already articulated, respectfully, the Court is not permitted to perform this function. *See, e.g., INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (indicating that when Congress entrusts an agency to make the decision in question, "a judicial judgment cannot be made to do service for an administrative judgment," and that a court is not permitted to "intrude upon the domain which Congress has exclusively entrusted to an administrative agency" (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943))).

## CONCLUSION

For these reasons, and the reasons articulated in its objections brief, the Government objects to the R & R's findings and conclusions in their entirety. Plaintiffs have failed to satisfy the "clear and convincing" standard necessary for a finding of civil contempt against USCIS.

---

[3] As mentioned, in the criminal case *United States v. Woodley*, the Ninth Circuit cited *Block*, 461 U.S. at 287, and found that a court may impose money awards against the United States only under an express waiver of sovereign immunity. *See* 9 F.3d 774, 781 (9th Cir. 1993). The court also found, however, that a court could impose monetary sanctions against the United States without implicating sovereign immunity to "remedy a violation of recognized statutory, procedural, or constitutional rights" under the court's exercise of supervisory powers. *Id.* at 782. Nevertheless, the court reversed the district court's finding of monetary sanctions against the United States because no statutory, procedural, or constitutional right was violated. *Id.* The same applies to the instant civil action – there has been no violation of any recognized statutory, procedural, or constitutional right by the agency.

- 9 -

Case 1:16-cv-00075 Document 134 Filed 08/26/19 Page 13 of 15

USCIS's actions on class members' H-2B petition complies with the Court's PI Order and the APA. Accordingly, the Court should reject the R & R in whole and deny Plaintiffs' requests for sanctions against USCIS in their entirety.

Dated: August 25, 2019                                   Respectfully submitted

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

AARON S. GOLDSMITH
Senior Litigation Counsel

By: *s/ Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4807
Email: glenn.girdharry@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2019, I electronically filed the foregoing REPLY IN SUPPORT OF DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and a hyperlink to this document to Plaintiffs' attorneys of record:

Jeffrey Joseph
12203 East Second Ave.
Aurora, CO 80011
303-297-9171
Fax: 303-733-4188
Email: jeff@immigrationissues.com

Jennifer C. Davis
Davis & Davis, P.C.
PO Box 326686
Hagatna, GU 96932
671-649-1997
Fax: 671-649-1995
Email: atty@davisdavis-law.com

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on August 25, 2019, at Washington, DC.

By: *s/Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division