**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| GUAM CONTRACTORS ASSOCIATION, *et al.*, | CIVIL CASE NO. 16-00075 |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| MONTY WILKINSON, Attorney General of the United States (Acting), *et al.*, | |
| Defendants. | |

This matter is before the court on Defendants' motion to dismiss. ECF Nos. 147, 148. Plaintiffs have also asked the court to take judicial notice of a legal proceeding before the Administrative Appeals Office (AAO). ECF No. 151. The court heard argument on these issues December 9, 2020. ECF No. 155. For the reasons stated below, the court **DENIES** Defendants' motion to dismiss and **DENIES AS MOOT** Plaintiffs' motion for judicial notice.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

This class action relates to the "H-2B" work visa program. The H-2B work visa program allows employers to bring certain foreign nonimmigrant workers to the United States to fill temporary nonagricultural jobs. *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b). However, the program only provides visas for workers involved in "temporary service[s] or labor." *Id.* Consequently, an employer must file an application with United States Citizenship and Immigration Services (USCIS) to explain the temporary nature of the work and to set forth the specific period of need

for which the foreign worker will be present in the United States. *See* 8 C.F.R. § 214.2(h). The temporary nature of the work is subject to review by USCIS. *Id.* at § 214.2(h)(ii)(D).

In this case, Plaintiffs are numerous business that regularly used the H-2B work visa program to employ foreign labor in a variety of industries. ECF No. 23 at ¶ 1. However, starting in 2015, USCIS began to routinely deny Plaintiffs' H-2B applications for failing to meet the "temporary services" requirement. *Id.* at ¶ 5. Plaintiffs subsequently filed this class action, alleging that Defendants violated the notice and comment procedures of the Administrative Procedures Act (APA) by improperly changing the interpretation and application of the "temporary service" requirement.

Defendants have now filed a motion to dismiss, arguing that Plaintiffs no longer have standing. ECF Nos. 147, 148.

## II. DISCUSSION

This is not the first time the court has considered the issue of Plaintiffs' standing in this case. Defendants raised similar arguments in their first motion to dismiss (ECF No. 31) and while contesting class certification (ECF No. 90). The court's rejection of those arguments previews the court's ruling today.

### a. <u>Defendants' First Motion to Dismiss and Plaintiffs' Motion for Class Certification</u>

In their first motion to dismiss, Defendants argued that Plaintiffs' claims regarding H-2B petition denials were insufficient to establish standing. ECF No. 31. The complaint referenced H-2B work visa petitions not been yet adjudicated or even filed; consequently, Defendants argued Plaintiffs had no injury-in-fact and thus the court lacked jurisdiction to hear the case.

The court rejected those arguments. ECF No. 81. Even though Plaintiffs referenced pending and future H-2B visa petitions, the court found the allegations established a "pattern or practice of mistaken or erroneous adjudication" that would "largely dictate the result for any

1  forthcoming petitions…". *Id.* at 7-8. In line with other courts analyzing pattern-or-practice

2  claims, the court reasoned the claims here "may well offer a possibility of relief even for

3  submissions not yet adjudicated." *Id.* at 8. Furthermore, "incurable ripe problems" did not exist

4  because the allegations identified specific petition denials in the past which "surely had effect on

5  the employers" and which "continue[] to threaten, immediate and real effects (and has already

6  proved capable of repetition, yet evading review)." *Id.* at 9.

7       When Plaintiffs sought class certification, Defendants again raised standing issues and

8  argued Plaintiffs' claims were moot, unripe, or both. ECF No. 90. The periods of need for which

9  Plaintiffs' had originally submitted work visa petitions had expired, and thus Defendants argued

10  retroactively granting the petitions would provide no real remedy to Plaintiffs. Also, Plaintiffs

11  could not prove that any future petition would be denied, and thus any claim of injury was

12  speculative and hypothetical.

13       The court rejected these arguments as well. ECF No. 92. While the original periods of

14  need for the petitions had expired, the court reasoned that the time between a denial of an H-2B

15  petition and the expiration of the work period was "too short" for an employer to seek and

16  receive injunctive relief, and thus presented an "easy exception[] to the mootness doctrine,

17  because the challenged conduct or policy is capable of repetition yet evading review…". *Id.* at 4-

18  5.

19       **b. <u>The Current Motion to Dismiss (ECF Nos. 147, 148)</u>**

20       With this background, the court turns to the present motion. Defendants seek dismissal

21  for reasons not unlike those previously presented to the court, albeit with a new twist. That twist

22  is the John S. McCain National Defense Authorization Act for Fiscal Year 2019 ("NDAA FY

23  19"), Pub. L. No. 115-232, 132 Stat. 1045 (2018). Section 1045 of NDAA FY 19 removed the

24  "temporary service or labor" requirement for employers working on military construction

projects through the end of 2023. As the "temporary service" requirement is the foundation of

Plaintiffs' claims, Defendants argue the issue is now moot.

However, NDAA FY 19 is limited in scope. It only applies to contractors and

subcontractors engaged in military-related construction projects through 2023. Consequently,

Plaintiffs seeking to staff non-military construction projects or other non-construction businesses

with foreign labor are unable to use the exemption.

Nonetheless, Defendants point out that Plaintiffs have been using the NDAA FY 19

exemption to receive work visas; furthermore, Plaintiffs have not recently filed regular H-2B

visas, and the periods of need for all filed H-2B work petitions have long since expired.

According to Defendants, this indicates that Plaintiffs have "made the decision on their own to

no longer file H-2B petitions" because they no longer need H-2B visas; therefore, Plaintiffs are

not suffering any current harm. ECF No. 152 at 13. Moreover, the number of foreign H-2B

workers on Guam has now returned to "pre-denial crisis numbers" which evidences that the

NDAA FY 19 exemption has alleviated any labor shortage caused by H-2B petition denials. ECF

No. 148 at 7.

With respect to the impact of NDAA FY 19, the court agrees that the claims relating to

military construction projects are moot, at least through the year 2023. Plaintiffs' claims relate to

the interpretation of the "temporary services" requirement, and thus NDAA FY 19 has remedied

the harm alleged in those claims by removing that requirement for military contractors.

However, NDAA FY 19 does nothing for employers seeking labor for non-military

construction projects or non-construction businesses. And while the number of approved H-2B

work visas may be returning to normal levels, Plaintiffs have indicated that one hundred percent

of these visas were issued under the NDAA FY 19 exemption. ECF No. 150-1. In other words,

NDAA FY 19 has not remedied all injuries alleged by all class members.

Furthermore, Defendants' arguments overlook the reason behind Plaintiffs' so-called "choice" to use the NDAA exemption and fail to account for the ongoing nature of the alleged harm. The court recognizes that all periods of need for the petitions in question have expired, and that Plaintiffs have not filed any more petitions. Nonetheless, Plaintiffs are still suffering a cognizable injury. According to the record presently before the court, Defendants have essentially denied all regular H-2B petitions since 2015. Plaintiffs have represented this has created a "chilling" effect that indicates any future petition would be "futile and a waste of resources." ECF No. 150, Exhibits 1-8. The court agreed with this position in denying Defendants' first motion to dismiss:

> [T]he adjudications already made final have surely had effect on the employers, and the alleged policy or interpretive change governing those adjudications has had, and continues to threaten, immediate and real effects (and has already proved capable of repetition yet evading review).

ECF No. 81 at 9-10. Standing does not require Plaintiffs to continually file hopeless petitions, wasting time and money, when a pattern of past denials indicates that future petitions will be denied, especially absent any indication that such efforts would be successful.[1] And in analyzing mootness concerns related to expired periods of need, the court reasoned in its class certification order that

> [t]he time elapsing between the [] denial and expiration of the period of need— sometimes a matter of a few months, typically no more than a year—has proven too short for any particular employer to seek and crucially, to receive, any effective injunctive relief from the courts....Various courts, faced with similar situations, have concluded these kinds of claims present easy exceptions to the mootness doctrine, because the challenged conduct or policy is capable of repetition yet evading review....".

ECF No. 92 at 4-5. The court finds this exception equally applicable here.

---

[1] As noted by the court previously, Defendants have now effectively conceded they may have been "rubberstamping" past H-2B applications, and thus past petitions were granted with "insufficient evidence rather than meeting some previous set of now-abandoned criteria." ECF No. 135 at 9. However, the court finds, as it did before, that the "adequacy of such an explanation" for purposes of APA compliance cannot be determined on the "present state of the parties' briefing" and thus declines to dismiss the entire action on this basis. *Id.* at 7.

The caselaw cited by the parties supports these conclusions. In *Alpha K9 Pet Servs. v. Johnson,* an employer filed suit after several of its H-2B petitions were denied. 171 F. Supp. 3d 568, 580–81 (S.D. Tex. 2016). However, the denial period was finite – it only lasted for fifteen days, after which the employer began to receive approved petitions. *Id.* at 580. Absent any indication the visas would be routinely denied in the future, the court explicitly held that the claims did not "fall under the capable of repetition, yet evading review' exception to mootness" and dismissed them. *Id.* Furthermore, in *Hong Kong Entm't (Overseas) Investments Ltd. v. USCIS*, the court explicitly found that the plaintiff failed to allege a "repeatable, systemic problem with the agency's procedures" and thus dismissed the action as moot. 1:16-CV-00009, 2017 WL 4369475, at *1 (D. N. Mar. I. Oct. 1, 2017), *aff'd sub nom. Hong Kong Entertainment (Overseas) Investment, Ltd. v. USCIS*, 753 Fed. Appx. 447 (9th Cir. 2019). And in *Zixiang Li v. Kerry*, the plaintiffs did not "challenge the process by which [defendants] allocates [application] numbers" but merely were attempting to "recapture [application] numbers from previous fiscal years." 710 F.3d 995, 1001 (9th Cir. 2013). "Since courts are not time machines" the court could not force the agency "to go back in time and not do something it already did…". *Id.* at 1002.

Here, the allegations are different. Plaintiffs can point to specific denials that have already occurred, and while the time periods for those applications may have expired, the nature and extent of those denials shows a reoccurring pattern capable of repeating itself.

c. **The Effect of NDAA FY 2021**

During the pendency of this motion to dismiss, Congress enacted the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 ("NDAA FY 21"), Pub. L. No. 116-283, __ Stat. __ (2021). ECF No. 156. In Section 9502 of the NDAA FY 21, Congress extended the NDAA FY 19 "temporary services" exemption to certain types of civilian employment that operate under a "contract or subcontract" as long as the civilian project is

"adversely affected" by the "military realignment occurring on Guam" but with "priority given to federally funded military projects." The court ordered supplemental briefing on its applicability to this case. ECF No. 156.

After considering the additional briefing and arguments supplied by the parties, the court concludes that while the NDAA FY 21 may moot additional claims in this case, it does not remedy all the harm alleged by all the Plaintiffs. As the parties point out, the final text of the public law is yet to be released, and USCIS has yet to release any kind of guidance of how NDAA FY 21 will be applied. Moreover, the statutory language limits the applicability of the exemption to certain employers in certain situations, the contours of which are not sufficiently clear enough at this stage to dismiss this case. Thus, in interpreting the evidence in a light most favorable to Plaintiffs, the court finds that NDAA FY 21 does not moot all of Plaintiffs' claims.

### d. **Plaintiffs' Motion for Judicial Notice (ECF Nos. 151, 154)**

Plaintiffs have asked the court to take judicial notice of an administrative proceeding concerning an H-2B work visa petition filed by Plaintiff 5M Construction[2] that purportedly shows there is a live, justiciable controversy in this case such that dismissing the action for lack of standing would be improper. ECF No. 151. As the court has ruled on Defendants' motion to dismiss without reference to this proceeding, the court denies Plaintiffs' motion as moot.

## III.   CONCLUSION

While portions of Plaintiffs' claims are likely rendered moot by NDAA FY 19 and NDAA FY 21, the court does not find the legislation completely remedies all of Plaintiffs' alleged injury-in-fact. Additionally, the harm alleged is capable of repetition yet evading review,

---

[2] Plaintiff 5M Construction filed an H-2B application on September 26, 2016, which Defendants denied on April 12, 2017. ECF No. 154-1. 5M appealed that decision to the Administrative Appeals Office (AAO). *Id.* The AAO remanded the case back to USCIS when this court issued a preliminary injunction relating to the H-2B application process. The USCIS denied 5M's petition for a second time, ruling that 5M had failed to meet the "temporary service or labor requirement." ECF No. 154-1 at 5-7.

and thus the claims provides an exception to the mootness doctrine. Accordingly, the court **DENIES** Defendants' motion to dismiss and **DENIES** Plaintiffs' motion seeking judicial notice of the AAO proceeding as **MOOT**.

    **SO ORDERED**.

/s/ Frances M. Tydingco-Gatewood
   **Chief Judge**
**Dated: Jan 27, 2021**